In the Matter of the Petition of PRESCOTT HALL BUTLER, as Administrator, Etc.

Except where substantial rights of other parties have accrued and injustice will be done to them by permitting it, a party has a right to discontinue an action or proceeding, and his reasons for so doing are of no concern to the court.

A refusal of leave to discontinue, therefore, where nothing appears to show that it will injuriously affect the rights or interests of the adverse party, is not within the discretion of the court, and is error.

Where an administrator of the estate of a deceased lunatic commenced proceedings by petition in the Court of Common Pleas of the city of New York, to compel the committee of the lunatic to account and to deliver over the property remaining, and thereafter entered an *ex parte* order of discontinuance, the costs to be paid by the administrator, which order after tender of costs, was vacated by the court, and thereupon the administrator moved for leave to discontinue which was denied, the only facts shown being that after the entry of the first order the administrator had commenced an action in the Supreme Court to settle the accounts. *Held*, that there was no just basis for the refusal of leave upon which any discretion was called into exercise or could operate; and that the denial of the motion was error.

(Argued December 22, 1885; decided January 19, 1886.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made November 10, 1884, which affirmed an order of Special Term denying a motion on behalf of Prescott Hall Butler, the petitioner above, for leave to discontinue these proceedings.

The nature of the proceedings and the material facts are stated in the opinion.

*Stephen A. Walker* for appellants. A party to an action or special proceeding has a right to an order without notice to his adversary, discontinuing his suit on payment of costs. (Garham's Pr. 603–604; 1 Burr. Pr. 383; *Averill* v. *Patterson*, 10 N. Y. 500; *Cook* v. *Beach*, 25 How. 356; 2 Wait's Prac. 600; Tillinghast's Pr. 333; *Seaboard R. R. Co.* v. *Ward*, 18 Barb. 595; *Harrington* v. *Libby*, 6 Daly, 259; *Cummings* v. *Bennett*, 8 Paige, 81.) A plaintiff is not allowed to discontinue in the following cases; when a new action on a counter-claim would be barred by the statute. (*Van Allen* v. *Schermerhorn*, 14 How. 287; *Rees* v. *Patton*, 13 id. 258; *Pac. Mail* v. *Leuling*, 7 Abb. [N. S.] 37); when defendant in a replevin suit has surrendered property to plaintiff; (*Wilson* v. *Wheeler*, 6 How. 49); when plaintiff has obtained a decree; (*Picabia* v. *Everard*, 4 How. 113); in an ejectment suit before a second trial, where plaintiff has secured possession of the property by means of the judgment entered upon the first; (*Carlton* v. *Dorey*, 75 N. Y. 375); when the defendants have been examined as witnesses. (*Cockle* v. *Underwood*, 3 Duer, 676.) In general, when an action or special proceeding has been commenced, the defendant may have an interest that it shall be conducted to its termination, and in such case the court can protect such interest by refusing to permit the action or proceeding to be discontinued, or it may impose such reasonable terms as a condition of discontinuance as will fully protect or indemnify the defendant. (*Matter, etc., Waverly Water-Works Co.*, 85 N. Y. 482.) This court will review and examine the grounds of an order refusing leave to discontinue if it involves an abuse or excess of discretion in the court below. (*Carlton* v. *Darcy*, 75 N. Y. 377.)

*Henry Thompson* for respondent. An application for leave to discontinue an action or special proceeding is addressed to the discretion of the court below; it may be granted upon terms or refused absolutely. (*Salmon* v. *Gedney*, 75 N. Y. 479, 482; *In re Waverly Water-Works Co.*, 85 id. 478, 481; *Carlton* v. *Darcy*, 75 id. 375; *Van Allen* v. *Schermerhorn*, 14

How. 287; *Cockle* v. *Underwood,* 3 Duer, 676; *Young* v. *Bush,* 36 How. 240; *Wilder* v. *Boynton,* 63 Barb. 547; *Clyde* v. *Rogers,* 87 N. Y. 625; *People, ex rel. Adams,* v. *Westbrook,* 89 id. 152; *Woodruff* v. *Imp. Fire Ins. Co.,* 90 id. 521; *Matter of Loew,* id. 666; *Meltzer* v. *Doll,* 91 id. 365; *Catlin* v. *Ricketts,* 91 id. 668; *Commonwealth Ins. Co.* v. *Bowman,* 90 id. 654; *Attorney-General* v. *N. A. Life Ins. Co.,* 93 id. 387; *Hatch* v. *Western Union Tel. Co.,* id. 640; *Smith* v. *Platt,* 96 id. 635.) The denial of appellant's application for leave to discontinue was not an abuse of discretion, but under all the facts and circumstances disclosed in the papers was eminently proper, and should be confirmed by this court upon the merits. (*In re Colah,* 6 Daly, 59; *De Groot* v. *Jay,* 30 Barb. 483; *Higgins* v. *Wright,* 43 id. 468; *Angel* v. *Smith,* 9 Vesey, Jr., 335; Code of Civ. Pro., §§ 263, subd. 8, 267.) The ostensible reasons given for appellant's desire to discontinue are insufficient, while the real reasons are not such as the court will recognize and enforce. (Code of Civ. Pro., §§ 2320, 2341, 2342.)

FINCH, J. Ordinarily, a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court. A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance. In such a case, through the control which the court exercises over the entry of its order, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary and without any basis upon which discretion can exist. (*In re Anthony Street,* 20 Wend. 618; *Carleton* v. *Darcy,* 75 N. Y. 375, 377.)

In this case the defendant was appointed by the Court of Common Pleas, on July 20, 1870, committee of Bomanjee Byramjee Colah, a lunatic, and took possession of his property.

Up to the death of Colah, that court retained exclusive jurisdiction over the committee and the estate in his hands. But the lunatic, whose place of residence was in Bombay, died, while in New York and under the ward of the court, and the appellant was duly appointed ancillary administrator of his estate. As such administrator he commenced, in December, 1882, a proceeding by petition in the Common Pleas to settle the accounts of the committee and obtain the property remaining. This proceeding went so far as the entry of an order of reference, but no further proceedings were ever taken under it. At this point the administrator entered *ex parte* an order of discontinuance on payment of costs, which was vacated by the court, and thereupon, moving for leave to discontinue, his request was refused. We can discover no reason for the refusal upon which discretion could operate. Two only are suggested. It is shown that after the entry of the first order the administrator began an action in the Supreme Court to settle the accounts, and it is said that the latter court had no jurisdiction, and that the control of the Common Pleas survived the death of the lunatic and the termination of the committee's office. (Code of Civ. Pro., § 2320.) That is a question of law. The administrator had a right to raise it and could only do so by bringing his action in another court. By that process it may properly come before us if necessity should require it, but it has no place on a motion to discontinue. If the opinion of the Common Pleas on that question of law furnished a basis for the exercise of discretion the administrator cannot bring the question into this court for decision. It ought not to be decided on a mere motion for leave to discontinue, and should have been left to some suitable occasion. It is further said that the new action "harasses" the defendant unnecessarily. We cannot see how. All costs of the discontinued proceeding are to be paid and have been tendered. The defendant acquired no new rights. He is left precisely in the position he would have been in if the proceeding in the Common Pleas had never been commenced, and the action in the Supreme Court alone had been brought. Would that action have unnecessarily "harassed"

him? We can see no just basis for the refusal of leave to discontinue upon which any discretion was called into exercise, or could operate.

The orders of the Special and General Terms should be reversed and the motion for leave to discontinue should be granted. No costs are allowed on this appeal.

All concur.

Ordered accordingly.