### COHN v. ANATHAN et al.

*(City Court of New York, General Term.  February 26, 1889.)*

PRACTICE IN CIVIL CASES—DISCONTINUANCE—COUNTER-CLAIM.
Since the adoption of an amendment to Code Civil Proc. N. Y. § 412, saving a counter-claim from the operation of the statute of limitations in case a discontinuance is allowed, plaintiff's motion for a discontinuance, on payment of defendant's taxable costs, should always be granted.

Appeal from special term.

Action by William Cohn against Moses Anathan and others.  Plaintiff appeals from an order denying his motion to discountinue on payment of costs.

Argued before MCADAM, C. J., and McGowN, J.

*David Tim*, for appellant.  *Horwitz & Hirschfield*, for respondents.

PER CURIAM.  A party should no more be compelled to continue a litigation than to commence one, except where the substantial rights of other parties have accrued, or injustice would be done by permitting a discontinuance, and we have failed to discover any substantial reason why the plaintiff's motion to discontinue, on payment of the defendants' costs, should not have been granted.  It seems to have been denied upon the ground that the defendants pleaded a counter-claim; but there is nothing in this circumstance which precluded the plaintiff from having his application granted.  There are reported cases holding that a discontinuance should not be allowed where a counter-claim was interposed, but these were owing to peculiar circumstances. Some held that the discontinuance should not be allowed where the counter-claim was admitted by the plaintiff, or where the application for leave to discontinue was made after the time to reply had expired, or in cases where the statute of limitations would run against the counter-claim in case the discontinuance was allowed, and in order to prevent this result it was deemed inequitable to allow a discontinuance; but the objection last suggested has been obviated by an amendment to section 412 of the Code of Civil Procedure, which saves such counter-claim from the operation of the statute.  So that it may now be laid down as a rule applicable to all cases that the plaintiff may at any time discontinue his action on paying the defendant's taxable costs to the date of discontinuance.  See cases cited in 2 Rumsey, Pr. 155; *In re Butler*, 101 N. Y. 307, 4 N. E. Rep. 518.  It follows that the order appealed from should be reversed, with costs, and the motion for leave to discontinue on payment of costs granted.