ALICE WINANS, Appellant, *v.* Ross R. WINANS, Respondent.

An application for leave to discontinue an action is addressed to the legal, not the arbitrary discretion of the court, and it may not be denied capriciously, but may be refused whenever circumstances exist which afford a basis for the exercise of legal discretion; in such a case the court has but to consider whether anything has occurred since the commencement of the action which would so far prejudice defendant's interest, in the event of a discontinuance, as to require a denial of the application.

The rule which governs in ordinary cases is not to be strictly applied in actions for divorce; the rights of the parties to the record are not alone to be considered; the public is to be regarded as a party and must be so treated by the court, and for this reason the court is invested with a wider discretion in the control of such cases than of others.

In an action for divorce, an order of reference was entered by consent of the court on stipulation of the parties. After one hearing before the referee, plaintiff moved to vacate the order, and to have the issue sent to a jury; this motion was denied. *Held,* that as plaintiff had waived her right of trial by jury, the motion was not a demand of a right, but a petition for a favor; and so, it presented a matter in the discretion of the court, the exercise of which was not reviewable here.

The plaintiff afterwards moved for leave to discontinue the action without payment of costs or allowance, or on such terms as the court might decree. The alleged contract of marriage was denied by defendant; it was not claimed by plaintiff that any marriage ceremony was ever performed, and, according to her evidence, the contract rested in parol, and was made when no witnesses were present. It appeared that some years before the commencement of this action and on the eve of defendant's marriage to another, plaintiff sought and succeeded in obtaining redress for an alleged injury not consistent with a claim of marriage; that defendant married and lived with another woman in the open relation of husband and wife for several years until her death; he thereafter married another woman, who was designated in the complaint as co-respondent, by whom he had, prior to the commencement of this action, one child. The motion was denied. *Held,* that the matter was within the discretion of the court, and so, not reviewable here.

Reported below, 22 J. & S. 541.

(Argued December 10, 1890; decided January 14, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made

May 2, 1887, which affirmed a judgment in favor of defendant entered upon the report of a referee and affirmed an order of Special Term denying a motion for leave to discontinue the action without payment of costs or allowance, or on such terms as the court should impose.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick W. Sherman* for appellant. With respect to the motion to discontinue the action plaintiff has waived nothing by proceeding before the referee as she was compelled to do. (*Brown* v. *Mayor, etc.*, 9 Hun, 591 ; *In re N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 116.) Plaintiff's motion should have been granted. (*Cook* v. *Beach*, 25 How. Pr. 359 ; *Bishop* v. *Bishop*, 7 Robt. 197 ; *Cummins* v. *Bennett*, 8 Paige, 79 ; *Simpson* v. *Brewster*, 9 id. 246 ; *Baraute* v. *Deyermand*, 41 N. Y. 357 ; *Harrington* v. *Libby*, 6 Daly, 261 ; *Innes* v. *Lansing*, 7 Paige, 585 ; *Carleton* v. *Darcy*, 75 N. Y. 377 ; *In re Butler*, 101 id. 307.) This was a proper case to grant leave to discontinue. (*Arnoux* v. *Steinbrenner*, 1 Paige, 82 ; *Phœnix* v. *Hill*, 3 Johns. 249 ; *Cook* v. *Beach*, 25 How. Pr. 359 ; *Cummins* v. *Bennett*, 8 Paige, 79 ; *Simpson* v. *Brewster*, 9 id. 246.) The exceptions to the questions assuming the very first fact in issue, to wit: That the marriage between the plaintiff and defendant had not taken place, were well taken. (*Foot* v. *Beecher*, 78 N. Y. 115 ; *Chandlers* v. *Allen*, 20 Hun, 424 ; *Smith* v. *Smith*, 1 T. & C. 63 ; *Williams* v. *Fitch*, 18 N. Y. 546 ; Bayliss' Tr. Pr. 499 ; *Holcomb* v. *Holcomb*, 20 Hun, 159 ; *Bond* v. *Gillett*, 47 N. Y. 186 ; *Osgood* v. *M. Co.*, 3 Conn. 612.) In consequence of what defendant told him, defendant's brother recognized plaintiff as one of the family, and spoke of her reception as a daughter in that family by the head of it. This comment was stricken out, and plaintiff excepted, and there was also stricken out with it the evidence that defendant had called her his wife while on the steamer " Scotia." This was error. (*Morrill* v. *Foster*, 33 N. H. 386 ; *A. L. Ins. Co.* v. *Rosenagle*, 77 Penn. St. 516 ; 1 Greenl. on

Ev. § 104; 1 Phillips on Ev. 213, 248; Reynolds on Ev. 51, 54; Stev. on Ev. § 53; Best on Ev. 498; *Clark* v. *Owens*, 18 N. Y. 434; Stephen's Dig. of Ev. [Chase's ed.] art. 31, p. 73; *Walchton* v. *Tuttle*, 4 N. H. 378; *Haddock* v. *B. & M. R. R. Co.*, 3 Allen, 298.)

*James C. Carter* for respondent. The order vacating the reference is not before the court at all. There is no appeal actually taken which brings it here. If it were here it would be to no purpose, for it is not, in its nature, reviewable by this court. It does not affect a substantial right, and it plainly rests in discretion. (Code Civ. Pro. § 190.) The plaintiff relies in her effort to reverse the judgment on the denial of what she asserts to have been her absolute right to discontinue her suit. There is no such right. A discontinuance rests in the sound discretion of the court. (*Carlton* v. *Darcy*, 75 N. Y. 375; *In re W. W. Works*, 85 id. 478; *Van Allen* v. *Schermerhorn*, 14 How. Pr. 287; *Cockle* v. *Underwood*, 3 Duer, 676; *Crosby* v. *Fitzpatrick*, 23 Wkly. Dig. 35; *In re Butler*, 101 N. Y. 307; *Murphy* v. *Murphy*, 8 Phil. 357.)

PARKER, J. The complaint averred that the parties intermarried on or about the 31st day of May, 1871, at the city of New York; that subsequently the defendant committed adultery, and demanded judgment that the bonds of matrimony between them be dissolved and plaintiff be awarded alimony and costs of the action. The answer put in issue both the averments of marriage and adultery.

Subsequently, issues were duly prepared and settled for trial by jury, but before the cause was reached upon the calendar, the parties stipulated that it be referred. The court, approving of such action, designated by order a referee to hear and determine the issues.

The referee, after the evidence was submitted, found as facts: 1. "That the plaintiff was not, on the 31st day of May, 1871, or at any other time, at the city of New York or elsewhere, married to the defendant." 2. "That the plaintiff did not, at the time and place stated in the complaint, or at any

other time and place, commit adultery with the person named in the complaint," and, as a conclusion of law, "that defendant is entitled to judgment against the plaintiff; that the complaint be dismissed upon the merits, with costs."

The General Term affirmed the judgment entered thereon, and the findings, therefore, are not subject to review in this court, inasmuch as they were supported by evidence.

The appellant has called our attention to several exceptions taken to rulings of the referee in the admission and rejection of testimony. We have given to each of them careful consideration, and have determined that no error was committed justifying a reversal.

Two other questions are pressed upon our attention which we shall now consider:

1. After one hearing before the referee, at which the plaintiff was partially examined, a motion was made in her behalf to vacate the order of reference, to the making of which she had originally consented, and send the case to the jury. This motion was denied, and if it be assumed that plaintiff's appeal brings up the order entered thereon, it cannot avail her here. It did not affect a substantial right. Once she had the right to demand a trial by jury, but that right was gone before the making of the motion, at the instance of her counsel and by her own consent. She was not, therefore, before the court demanding a right, but petitioning for a favor — praying to have restored to her that which she had waived, because at the time she regarded it beneficial to her interests to do so.

The court, in the exercise of its discretion, refused to relieve her from the consequences of her own act, and such refusal, under the circumstances disclosed, will not be reviewed by this court.

2. After the making of the motion to vacate the order of reference, the plaintiff moved the court for leave to discontinue the action without the payment of costs or allowance, or on such terms as the court may decree. The denial of that motion the plaintiff assigns for error. She asserts that while the court had power to impose terms as a condition of discontinuance, it

was without authority, under the circumstances disclosed by the papers before it, to prevent it. That the absolute right to discontinue resided in the plaintiff, the court being merely vested with the discretion to determine what, if any, terms should be imposed, and that this right may be made available at any stage of the action, even after trial is actually begun.

*Carleton* v. *Darcy* (75 N. Y. 375), was an action of ejectment. The plaintiff recovered judgment, and was put in possession of the premises; defendant paid the costs and took a new trial under the statute; thereupon plaintiff, still retaining possession, moved for leave to discontinue on payment of costs. The motion was denied, and on appeal this court said : "That court has refused his request, and on appeal from the order he claims that he has the right, of his own head, to discontinue his action on those terms. But there is no valid discontinuance of an action without an order to that end. That order, whether *ex parte* or on motion, must be an order of the court, and, as its order, within its control. It is true, as a general rule, that a plaintiff may, upon the payment of the costs of the defendant, enter an order of discontinuance of the action, and give notice thereof, and that the cause will be thereby discontinued. Yet the court has always kept and exercised the right to control such an order, as well as any other order put upon its records. And where circumstances have existed which have made it inequitable that the plaintiff should, of his own head and without terms, discontinue his action, they have refused his motion to do so altogether, or except on terms; or when he has entered an order *ex parte*, have opened it, and made it conform to what was proper under the circumstances. * * * So that the court, to which the motion for leave to discontinue was addressed, had a discretion, under all the circumstances of the case, whether or not to refuse it." The rule thus enunciated has been frequently alluded to and applied by the courts. (*Carleton* v. *Darcy*, 75 N. Y. 375; *Matter of Waverly Water Works Co.*, 85 id. 478; *Van Alen* v. *Schermerhorn*, 14 How. Pr. 287; *Cockle* v. *Underwood*, 3 Duer, 676; *Crosby* v. *Fitzpatrick*, 23 Weekly Dig. 35.)

But an application for leave to discontinue is addressed to the legal, not the arbitrary, discretion of the court, and it cannot capriciously deny it. This court in the *Matter of the Petition of Butler* (101 N. Y. 307), reversed an order denying leave to discontinue upon the ground that the facts before the court did not furnish a basis upon which to rest a denial of the application. FINCH, J., in delivering the opinion of the court, said: "In such a case, through the control which the court exercises over the entry of its order, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary and without any basis upon which discretion can exist."

The cases cited support the right to refuse leave whenever circumstances exist which afford a basis for the exercise of legal discretion, and in those cases the court had but to consider whether anything had occurred since the commencement of the action which would so far prejudice defendant's interest in the event of a discontinuance as to require a denial. But in divorce cases there are two reasons why the rule which guides the court in determining whether to allow a discontinuance in ordinary actions cannot be strictly applied.

1. The rights of the party to the record are not alone to be considered, the public is regarded as a party and must be treated as such by the court.

2. Because of the public interest the court has been invested with a wider discretion in the control of the course of procedure in matrimonial actions than in others.

Such an action is one of the few in which a court is authorized to exclude the public from the trial.

In all actions save such as are enumerated in section 1012 of the Code of Civil Procedure the parties may, by written stipulation, signed by their attorneys, select a referee to hear and determine the issues; but in an action to annul a marriage, or for a divorce or a separation, a reference shall not be made of course upon the consent of the parties. Although the parties

consent, the court may, in its discretion, refuse a reference. If it grant a reference the parties may not select the referee. The court must designate him. So in actions generally where upon the court devolves the duty of appointing a referee, no person can be appointed to whom all the parties object, but in an action to annul a marriage, or for a divorce or a separation, it may be done. (§ 1024.) So too, where a party may ordinarily, by admitting the allegations of the complaint, relieve the plaintiff from the necessity of making proof thereof, such is not its effect in actions for divorce. A decree cannot be based on consent. And it is the duty of the court to be zealous in the prevention of all collusive divorces — to thwart any effort of the parties to sunder the marriage contract, save for the reasons which the statute prescribes shall be permitted to so operate as to release the innocent from bonds which continue to fetter the guilty. Consequently it cannot be concluded by the stipulations and consent of the parties as to the merits. Proof of the facts which authorize a decree will alone suffice. The instances given are sufficient to call attention to the fact that record parties are not permitted that degree of control in matrimonial actions which they may exercise over suits generally. While on the other hand, courts are required to exercise a broader discretion in their conduct. The reason for the difference is found in the interest which the public has in any consummated contract of marriage. Because of that interest the public is treated as a party to the controversy, although, of course, not a party to the record.

In Bishop on Marriage & D. (vol. 2, § 230), the attitude of the public towards such a litigation is stated as follows: "A divorce suit, while on its face a mere controversy between private parties of record, is as truly viewed, a triangular proceeding *sui generis*, wherein the public or government occupies in effect the position of third party." And while this third party is not specially represented by counsel, it is for this purpose to be represented and protected by the judges. (*Murphy* v *Murphy*, 8 Phil. 357.) This third party, so called, had an interest in the prompt prosecution of the action, which the

court should have, and we must assume did, regard in its determination.

This was not a case where the contract of marriage was admitted, leaving simply the issue of adultery. The marriage was denied. No ceremony was ever performed. No witnesses were present at the making of the alleged contract, but according to the evidence of the plaintiff it rested in parol. It appeared that the person seeking to have this contract established, years before the commencement of the action and on the eve of defendant's marriage to a woman since dead, with knowledge of such fact, accompanied by her mother, sought and obtained the assistance of a lawyer to secure for her redress and indemnity for an alleged injury, which, if well founded, was not consistent with the assertion of marriage. Their petition appears to have prospered to a degree which for the time being gave entire satisfaction. Shortly thereafter, the defendant married another woman and lived with her in the open relation of husband and wife for several years and until her death. The plaintiff, in the meantime, was by a ceremonial marriage united to another man, and they lived together for a period of five years. It is true that the plaintiff's testimony, and it was before the court on the hearing of this motion, tended to explain the apparent inconsistency between her present claim and the fact of marriage to another long after the alleged contract with defendant was entered into. She assigned as a reason the mistaken counsel of a lawyer, which led her to believe that she was not legally married to the defendant.

Now, the defendant, after the death of the woman whom by ceremony and subsequent conduct he held out to the public as his wife, with every form of solemnity married another woman, by whom he had, prior to the commencement of this action, one child. She was designated in the complaint as co-respondent. The issue then involved in its result a determination whether the mother was a wife and the child legitimate. In the prompt disposition of that question the public was interested. Its duty is to see that all contracts shall be

fulfilled beneficially to progeny who are to be enrolled amongst the citizens of the state, and it owed the mother the duty to have determined as speedily as the due administration of justice would permit, whether she was wife in fact or only in name. And the court having regard, as was its duty, for the interests of the public, determined that the plaintiff ought not to be allowed to discontinue. The situation presented admitted and required the exercise of discretion. Therefore we need not further consider the matter.

The judgment should be affirmed.

All concur.

Judgment affirmed.