# SECOND DEPARTMENT

AT

# GENERAL TERM,

## December, 1891.

62   221
33ap582

ADRIAN ISELIN, Respondent, v. SARAH SMITH and
Others, Appellants, Impleaded with Others, Defendants.

*Discontinuance of action — terms imposed where the defendant asks affirmative relief.*

In an action brought to prevent interference with a fence, which it was alleged by
the plaintiff inclosed a private road, the defendants answered, alleging that they
had a right by deed and otherwise to use the road, and asked that the plaintiff
be enjoined from rebuilding the fence.

The plaintiff applied for leave, and was allowed, to discontinue the action on
payment of costs.

*Held*, error.

That the answer set up a counter-claim which, if proved, would entitle the
defendants to the injunction asked for by them.

That the plaintiff should have been allowed to discontinue only on condition that
he stipulated never again to close the access of the defendants to the road.

APPEAL by the defendants, Albert Smith, James Smith and Sarah
Wright, from an order made at Special Term, and entered in the
office of the clerk of the county of Westchester on the 11th day of
April, 1891, granting leave to the plaintiff to discontinue the above-
entitled action on payment of costs.

*Cornelius E. Kene*, for the appellants.

*Martin J. Keogh*, for the respondent.

BARNARD, P. J.:

The plaintiff fenced in what he asserts to be his private road. This road runs along in front of defendants' premises. The fence cut them off from the road and they tore it down. The plaintiff commenced an action to restrain the defendants from interfering with this fence. The defendants answer that they have a right to use the road by their deed, and because the road was a public highway.

The defendants ask, by the answer, an injunction to restrain plaintiff from building up the fence. The plaintiff asked leave to discontinue on payment of costs and disbursements. Leave was granted, and the defendants appeal. By the answer a counter-claim is set up, and, if proven, will entitle the defendants to the affirmative relief of an injunction based upon a right to use the road shut up. The defendants should not be deprived of their right to prove their title to the road. As the case now stands, the inference is very strong against the plaintiff. He has shut up an open road, claiming it to be his private property. The defendants assert a right, and the plaintiff commences an action for an injunction against them. The defendants admit the destruction of the fence by them, and a determination to again destroy it if constructed. The plaintiff ought not to be permitted to discontinue his action unless, upon stipulation, to never again close the defendants from access to the road. If he is not willing to do this, let the defendants have an opportunity, under the answer, to prove their defense and get an affirmative judgment.

Order reversed, with costs and disbursements, and motion denied, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order reversed, with costs and disbursements, and motion denied, with costs.