MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.

---

IN THE MATTER OF THE APPLICATION OF THE SARATOGA GAS AND ELECTRIC-LIGHT COMPANY, APPELLANT, *v.* BYRON J. TOWN, RECEIVER OF TAXES OF THE VILLAGE OF SARATOGA SPRINGS, RESPONDENT.

*Dismissal of an appeal, at the request of the parties, notwithstanding the opposition of the attorney for one of the parties.*

When the appellant and respondent unite in an application for the dismissal of an appeal, and there is no claim that the rights of any persons not parties to the record will be affected, and the action or proceeding is not one where the public can be considered a party, the application should not be refused because opposed by the attorney of one of the parties, in the absence of any claim of fraud or collusion, or of lien upon the matter in controversy.

MOTION to dismiss an appeal from an order refusing to grant a *mandamus.*

*Winsor B. French,* for the appellant.

*Charles S. Lester* and *E. T. Brackett,* for the respondent.

HERRICK, J.:

On the application of the Saratoga Gas and Electric-light Company an order was made by a justice of this court directing the receiver of taxes of Saratoga Springs to pay certain moneys to the gas and electric-light company; the receiver paid over the moneys as directed by said order; the board of street commissioners of Saratoga Springs applied to the justice granting said order for a *mandamus,* compelling the said gas and electric-light company to repay to said receiver the money paid by him to said gas and electric-light company; the justice refused to grant the *mandamus,* and from such refusal the board of street commissioners appealed to this court, and such appeal was placed upon the calendar of this court for the January term, 1892; thereafter the said board of street commissioners adopted certain preambles in relation to the matter, and a resolution reading as follows:

"*Resolved,* That future prosecutions of said proceedings and of the appeal, or of any step in such proceedings, be and the same is hereby abandoned and stopped, and the attorney who has appeared for this board in such proceeding is hereby directed to take no further steps, and to do no other act in such matters."

The board directed that a certified copy of such resolution be served upon the attorney for the board of street commissioners, and also that the counsel for the gas company and the receiver be notified of the same.

The counsel for the respondents in this appeal, the Saratoga Gas and Electric-light Company, and Byron J. Town, receiver of Saratoga Springs, present the preamble and resolution of the board of street commissioners, together with an affidavit as to the *status* of the case, to this court and ask that the appeal be dismissed. The counsel for the board of street commissioners oppose such motion, and ask that the appeal be proceeded with.

The adoption of the resolution is not denied. It is not claimed that there is any fraud or collusion between the parties in relation to the matter.

As a general rule, it is a matter of right that a party who has commenced a litigation may discontinue it, unless substantial rights of the other parties have accrued and injustice will be done to them by a discontinuance. (*Matter of Butler*, 101 N. Y., 307; *Winans* v. *Winans*, 124 id., 140.)

In the case last cited it was held that an application to discontinue was addressed to the legal not the arbitrary discretion of the court. But in that particular case it was held that the public must be regarded as a party, and that in the public interest a discontinuance might be refused.

In the case at bar the respondents to the appeal are not only willing, but ask that the appeal be dismissed, so that we have all the parties to the record uniting; there is no claim that the rights of any persons not parties to the record will be affected, and it is not an action or proceeding like *Winans* v. *Winans* where the public can be considered a party.

The fact that the attorney for the appellant opposes the dismissal of the appeal, in the absence of any claim of fraud or collusion or lien upon the matter in controversy, is of no consequence. (*Roberts* v. *Doty*, 31 Hun, 128; *Root* v. *Van Duzen*, 32 id., 63.)

This is not a case where the attorney is, in fact, a party in interest, where he has a lien upon the claim, and where there has been a collusive settlement in fraud of his rights, and in the absence of any such facts it seems to me that it would be very unseemly for the court to refuse, at the request of an attorney, to grant the desire of all the parties to a contention that the litigation be settled.

The purpose of courts is to settle contentions and controversies, not continue them; and they will aid parties not embarrass them in making amicable adjustments of their difference.

The motion to dismiss the appeal is granted, no costs having been asked, none are allowed.

MAYHAM, P. J., concurred; PUTNAM, J., not acting.

Appeal dismissed, without costs to either party.