YELLOW PINE CO. v. LEHIGH VALLEY CREOSOTING CO.

(Supreme Court, Appellate Division, Second Department. June 14, 1898.)

RIGHT TO DISCONTINUE SUIT—COUNTERCLAIM.

    While the court has power to permit a plaintiff to discontinue against the objection of a defendant who has interposed a counterclaim, the power should not be exercised where circumstances have occurred since the commencement of the action which would make the discontinuance operate oppressively, harshly, or inequitably upon the objecting party.

Appeal from special term, Kings county.

Action by the Yellow Pine Company against the Lehigh Valley Creosoting Company. From an order granting plaintiff's motion to discontinue the action on payment of costs, defendant appeals. Reversed on conditions.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James G. Janeway, for appellant.

Robert H. Wilson, for respondent.

WILLARD BARTLETT, J. It is perfectly plain that the discontinuance of this action is sought in order to strengthen the position of the plaintiff in reference to the subject-matter of the defendant's counterclaim. The plaintiff wanted to plead the statute of frauds as a barrier to the counterclaim, and asked for leave to amend the reply accordingly. This having been denied at the special term on the ground that the proposed amendment of the reply would be inconsistent with the allegations of the complaint, the plaintiff has asked and received the leave of the court below to discontinue the present action upon paying to the defendant the costs and disbursements up to the time when the motion was granted. The plaintiff is thus left at liberty to sue the defendant anew upon the very matters in controversy here, but in such a way as to attack the contract which is the basis of the defendant's counterclaim, on the ground that it was not signed by the plaintiff, and therefore was not enforceable under the statute of frauds. This it cannot do in the case at bar, as the pleadings now stand. A good deal of space in the briefs of counsel is occupied by a discussion of the power of the court to permit the plaintiff to discontinue, as against the objection of a defendant who has interposed a counterclaim. The existence of the power, though cases may be found in which it seems to have been doubted, must now be regarded as well established; but it is equally well settled that the power is one which the court is not bound to exercise in favor of the plaintiff. "In ordinary actions," say the court of appeals in Re Lasak, 131 N. Y. 624, 627, 30 N. E. 112, 114, "it is not always the absolute right of the plaintiff to discontinue his action. In all cases where a defendant becomes an actor, and is interested in the continuance and trial of the action, as where he sets up a counterclaim, or sets up a claim to property which is in litigation, and asks in his answer affirmative relief in reference thereto, he may resist the discontinuance of the action, and then it rests in the discretion of the court whether or not the plaintiff shall be permitted to discontinue it." And that discretion should lead to a denial of the application where circumstances have occurred since the commencement of the action which would make the desired discontinuance operate oppressively, harshly, or inequitably upon the defendant who has interposed and wishes to maintain his claim for affirmative relief. Winans v. Winans, 124 N. Y. 140, 26 N. E. 293, and cases there cited. The effect of allowing the plaintiff to discontinue the present action is to deprive the defendant of the benefit of the decision of the special term refusing to permit an amendment of the reply. It seems to me clearly inequitable for the court thus to take away from a party the advantage accruing to him from a decision which it has made in his favor, and allow his opponent to set up against him in another litigation the very matters which by that decision it has refused to allow to be pleaded in the first action. For this reason, I think the order under review should be reversed, or modified so as to protect the defendant against such an unjust result.

It may be that the plaintiff exaggerates the importance of obtaining leave to discontinue in order to get an opportunity to plead the insufficiency of the contract in suit under the statute of frauds. An

amendment of the complaint in the present action, if circumstances exist to warrant the court in permitting such an amendment, would open the way to the presentation of the point which the plaintiff desires to raise. But, if counsel for the plaintiff cannot satisfy the court that in this litigation he ought to be allowed in some manner to plead the statute of frauds, he should not be given leave to discontinue simply in order that he may plead it in another suit on the very same contract.

I think the order of discontinuance should be reversed, unless the plaintiff elects to stipulate that it will not plead the statute of frauds in any action between the parties involving the contract here in suit.

Order reversed, with $10 costs and disbursements, unless the plaintiff within 10 days stipulates that it will not plead the statute of frauds in any action between the parties involving the contract here in suit, in which case, order affirmed, without costs. All concur.