ELIZABETH A. WALSH, as Executrix, etc., of THOMAS · WALSH, Deceased, Respondent, *v.* AUGUSTIN WALSH, Appellant.

*An order permitting a plaintiff to discontinue will not be disturbed on appeal because the defendant has set up a counterclaim.*

The exercise of the discretionary power of the Special Term in allowing the plaintiff to discontinue an action on the payment of costs will not be disturbed by the Appellate Division, because the defendant has set up an affirmative defense in the nature of a counterclaim, unless it appears that the defendant has been deprived of some substantial right by reason of such discontinuance.

APPEAL by the defendant, Augustin Walsh, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of June, 1898, denying the defendant's motion to vacate an order obtained by the plaintiff permitting her to discontinue the action on payment of costs, and also from an order made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 7th day of July, 1898, resettling the said order.

*Howard A. Taylor*, for the appellant.

*C. D. Rust*, for the respondent.

WOODWARD, J.:

The defendant and his brother, Thomas Walsh, were for several years partners in the business of constructing piers, docks, etc. On the 16th of September, 1895, Thomas Walsh died, leaving a will, in which the plaintiff was named as sole executrix. On the theory that she was entitled to a larger share of the copartnership property than the defendant was willing to allow her, the plaintiff commenced this action, the points in controversy being shown in the complaint and answer. The action progressed to a point where a referee was named to hear and determine, when the plaintiff decided that it was not profitable to continue the litigation. She thereupon directed her attorney to pay the costs of the action, and to discontinue the same; and, acting upon these instructions, the attorney applied to a Special Term of this court and obtained *ex parte* an order of discontinuance. This order was duly served upon the defendant's attorneys, and a motion was made to vacate the order of discontinuance. An order was made denying this motion, from which the defendant brings an appeal to this court.

It is conceded that as a general proposition the plaintiff has a right to discontinue an action on the payment of costs; but it is urged in the present case that the defendant having set up an affirmative defense in the nature of a counterclaim, he is entitled to the protection of a judgment which shall dispose of the controversy. We are unable to discover anything which would justify this court in interfering with the discretion exercised by the Special

Term in granting the order of discontinuance. "In ordinary actions," say the court in *Matter of Lasak* (131 N. Y. 624), " it is not always the absolute right of a plaintiff to discontinue his action. In all cases where a defendant becomes an actor and is interested in the continuance and trial of the action, as where he sets up a counterclaim or sets up a claim to property which is in litigation, and asks in his answer affirmative relief in reference thereto, he may resist the discontinuance of the action, and then it rests in the discretion of the court whether or not the plaintiff shall be permitted to discontinue it." This is the condition in the case at bar, and in the absence of facts establishing that the defendant is deprived of some substantial right by reason of the discontinuance, it does not seem to be the duty of this department to interfere with the discretion exercised by the Special Term.

"Ordinarily," say the court in *Matter of Butler* (101 N. Y. 307), " a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court. A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance. In such a case, through the control which the court exercises over the entry of its order, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary and without any basis upon which discretion can exist." In the case at bar the defendant is deprived of no right; he stands exactly where he would have stood had no action been commenced; and the mere possibility that the plaintiff may, at a future time, bring a new action upon the same grounds, is not sufficient to justify this court in reversing the order of the court below. As was said in *Matter of Butler* (*supra*): "All costs of the discontinued proceeding are to be paid, and have been tendered. The defendant acquired no new rights. He is left precisely in the position he would have been in if the proceeding in the Common Pleas had never been commenced, and the action in the Supreme Court alone had been brought. Would that action have unnecessarily 'harassed' him? We can see no just basis for the refusal of

leave to discontinue upon which any discretion was called into exercise, or could operate."

The cases relied upon by the defendant will be found, upon examination, to be confined to matters in which the defendant has substantial rights which must be sacrificed by a discontinuance, or where the peace and good order of the community are involved. In the case of *Iselin* v. *Smith* (62 Hun, 221) the plaintiff had fenced in what he claimed to be his private road, which ran in front of the premises of the defendants. The fence shut the defendants off from the road and they tore it down. The plaintiff commenced an action to restrain the defendants from interfering with the fence. The defendants, answering, asserted a right to the use of the road because the road was a public highway, and asked for an injunction restraining the plaintiff from constructing the fence. The plaintiff asked leave to discontinue the action upon the payment of the costs and disbursements, and the leave was granted. The defendants appealed, and the court say : " The plaintiff ought not to be permitted to discontinue his action unless, upon stipulation, to never again close the defendants from access to the road. If he is not willing to do this, let the defendants have an opportunity, under the answer, to prove their defense and get an affirmative judgment." This decision was evidently dictated by considerations of public policy, rather than the rights of the individual defendants, and the court was justified, no doubt, in exercising its discretion in favor of the defendants, but there are no such conditions in the case at bar. There is nothing to be lost to the defendant by reason of any delay in reaching an adjudication should he see fit to commence an action for the purpose, and we see no reason why the plaintiff should not be permitted to withdraw from the present litigation upon the payment of the costs.

In the case of *Van Alen* v. *Schermerhorn* (14 How. Pr. 287) an order discontinuing an action was refused where a counterclaim had been set up, against which the Statute of Limitations would be a bar, if the suit was discontinued.

In the case of *Carleton* v. *Darcy* (75 N. Y. 375) the plaintiff had succeeded in getting possession of premises from a tenant by virtue of a judgment. The defendant paid the costs and took a new trial under the statute. The plaintiff, still in the possession of the property, asked leave to discontinue the action, and this was denied.

On the appeal the court sustained the court below. After stating the facts the court say : " But it is quite different when he has got all that his action could give him, and has put the defendants to the need of that further litigation which the law allows them, to maintain what they think is their right, for him then to discontinue his action and throw the burden of the affirmation of another issue upon the defendants. The court might well require him to pursue the action that he had commenced, until a definite and final result was reached in it, settling positively the right of possession of the lands. in dispute. We, therefore, think that the court below, in making the orders appealed from, did not abuse or exceed their discretion."

The same doctrine was asserted in *Matter of Waverly Water Works Co.* (85 N. Y. 478) where the court say : " When an action or special proceeding has been commenced the defendant may have an interest ·that it shall be conducted to its termination, and in such case the court can protect such interest by refusing to permit the action or proceeding to be discontinued, or it may impose such reasonable terms as a condition of discontinuance as will fully protect or indemnify the defendent. Here the landowner had been subjected to costs and expenses beyond what could be taxed under the act of 1854, and he had obtained a favorable award, and it would be quite unjust to deprive him of the fruits of the proceedings without a full indemnity for the expenses to which he was subjected."

" The cases cited," say the court in *Winans* v. *Winans* (124 N. Y. 140), " support the right to refuse leave whenever circumstances exist which afford a basis for the exercise of legal discretion, and in those cases the court had but to consider whether anything had occurred since the commencement of the action which would so far prejudice defendant's interest in the event of a discontinuance as to require a denial," and the same remark applies equally to the case at bar. The court is to determine whether anything has occurred since the commencement of this action which is so far prejudicial to the rights of the defendant as to justify the denial of the natural right of the plaintiff to discontinue the action upon the payment of costs, and no such facts appearing, it was clearly a proper exercise of the discretion of the court to grant the order discontinuing the action. This view of the law is taken by Mr. Justice

WILLARD BARTLETT in the case of *Yellow Pine Co.* v. *Lehigh Valley Co.* (32 App. Div. 51) who quotes the language of the court in *Matter of Lasak* (*supra*) and adds: " And that discretion should lead to a denial of the application where circumstances have occurred since the commencement of the action which would make the desired discontinuance operate oppressively, harshly or inequitably upon the defendant who has interposed and wishes to maintain his claim for affirmative relief. (*Winans* v. *Winans*, 124 N. Y. 140, and cases there cited.) The effect of allowing the plaintiff to discontinue the present action is to deprive the defendant of the benefit of the decision of the Special Term refusing to permit an amendment of the reply. It seems to me clearly inequitable for the court thus to take away from a party the advantage accruing to him from a decision which it has made in his favor, and allow his opponent to set up against him in another litigation the very matters which, by that decision, it has refused to allow to be pleaded in the first action."

*Hirshfeld* v. *Bopp* (5 App. Div. 202) presents a case in which rights of individuals other than the plaintiff and defendant were involved, and where the cause of action would be at an end by reason of the Statute of Limitations should the action be discontinued, and bears no analogy to the case at bar. Indeed, no authority can be found, so far as we have been able to discover, which would warrant this court in overruling the action of the court below upon the facts presented in the affidavit submitted or in the pleadings. The defendant has all of the rights he ever had under the will of his former partner, and he is in no wise prejudiced by the plaintiff in discontinuing the action now under consideration. He is at liberty to present the facts asserted in his defense in an action in which he may appear as the plaintiff, and where no material right either of the defendant or of third parties is involved, there can be no justification for denying to the plaintiff the right to discontinue an action whenever it shall seem proper for her to do so.

The order appealed from should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.