(27 Misc. Rep. 591.)

### WANAMAKER et al. v. MEGRAW.

(Supreme Court, Special Term, New York County. May, 1899.)

RIGHT OF PLAINTIFF TO DISMISS ACTION.

Plaintiff should not be permitted to discontinue the action, over defendant's objection, after it has been once tried, and two years have elapsed from its commencement, during which the second trial has been postponed from time to time, at plaintiff's request, where defendant set up a counterclaim, and asked for affirmative relief, which is the only question in issue,

notwithstanding defendant had commenced a suit on the counterclaim in an-other state before the institution of the suit, where defendant was a resi-dent of the state, and there was nothing shown as to when the case might be reached for trial in such other state.

Action by John Wanamaker and others against Robert H. Megraw. Motion by defendant to vacate an order of discontinuance. Granted.

Robert Mazet, for plaintiffs.

Lavinia Lally, for defendant.

BEEKMAN, J. This action was brought in June, 1896, for the purpose of recovering the sum of $269.24, upon an allegation that the defendant drew a draft upon the plaintiffs for said sum, which was duly honored by them, and "said sum was advanced and paid out by plaintiffs to the defendant and received by him as a loan." The defendant answered, denying the cause of action, and then, by way of counterclaim, set up an agreement between himself and the plaintiffs whereby the latter employed him as their assistant buyer for a term mentioned in the above answer, agreeing to pay him a salary for said services of $4,000 a year, with an additional sum of $1,000 if he remained in their employ during the whole of the term, and had faithfully performed his duties in their service. This contract the defendant alleges was duly performed by him, but that the plaintiffs have failed to pay to him the additional sum of $1,000, according to their agreement. The answer also contains the state-ment that the plaintiffs are entitled to a credit against said amount for the sum of $269.24 for moneys advanced and paid by the plain-tiffs for the account of the defendant, on account of said sum of $1,000. The claim is for the difference between these two amounts. To this counterclaim a reply was interposed, putting this claim in issue, but admitting that the plaintiffs are entitled to the sum of $269.24 for moneys advanced and paid by them for the account of the defendant. The case was tried in February, 1899, but the jury failed to agree. The cause was again placed upon the day calendar, and was there-after adjourned from time to time, at the request of the attorneys for the plaintiffs. On May 19, 1899, a motion was made by the plain-tiffs at special term for leave to amend the complaint, it having ap-peared on the former trial that while the loan, which was the gist of the claim, had been made, it had not been effected by the drawing of a draft, as the complaint alleged. The sole object of the motion was to eliminate from the complaint this erroneous statement. The motion was denied. It appears that on the former trial the trial jus-tice granted the motion made by the plaintiffs that the complaint be amended so as to conform to the proofs in that regard. The case was reached for trial on the 24th, when it was sent by the justice having charge of the calendar to trial term, part 4, for trial. There-upon the plaintiffs produced an ex parte order which had been grant-ed on that day directing the discontinuance of the action on pay-ment to the defendant or his attorney of his taxable costs to that date; whereupon the justice presiding in part 4 refused to proceed with the trial, on the ground that the action was discontinued. This motion is now made to vacate that order. It is urged on the part

of the plaintiffs that their right to a discontinuance on the terms stated in the order was absolute; that whatever discretion the court may have in such cases is a very limited one, which may be exercised adversely to the motion only in cases where it is made to appear that a discontinuance would be oppressive and inequitable, and would subject the defendant to hardship. The doctrine is summed up in the case of In re Lasak, 131 N. Y. 624, 30 N. E. 112, where, at page 627, 131 N. Y., and page 114, 30 N. E., the rule is stated to be that:

"In ordinary actions, it is not always the absolute right of a plaintiff to discontinue his action. In all cases where a defendant becomes an actor, and is interested in the continuance and trial of the action, as where he sets up a counterclaim or sets up a claim to property which is in litigation, and asks, in his answer, affirmative relief in reference thereto, he may resist the discontinuance of the action, and then it rests in the discretion of the court whether or not the plaintiff shall be permitted to discontinue it. Carleton v. Darcy, 75 N. Y. 375; In re Waverly Waterworks Co., 85 N. Y. 478."

In the case of Yellow Pine Co. v. Lehigh Val. Creosoting Co., 32 App. Div. 51, 52 N. Y. Supp. 281, the court in its opinion quotes the extract which is given from the case above cited, and proceeds to say that "that discretion should lead to a denial of the application where circumstances have occurred since the commencement of the action which would make the desired discontinuance operate oppressively, harshly, or inequitably upon the defendant, who has interposed and wishes to maintain his claim for affirmative relief." A similar question was before the appellate division in the case of Walsh v. Walsh, 33 App. Div. 579, 53 N. Y. Supp. 881, where the same doctrine is laid down. I am satisfied that in this case the discretion of the court should be exercised in favor of the defendant, and that the order of discontinuance which has been conditionally granted should be vacated and set aside. It will be observed that the only issue in the action upon which there is any real difference between the parties arises upon the defendant's counterclaim and the reply, the plaintiffs' claim being substantially admitted. The defendant is therefore the real actor in the litigation, and is practically in the situation of being a party plaintiff. He has waited for a period of over two years, while this cause has been slowly progressing to a hearing, has gone through a protracted trial on the merits of his claim, which unfortunately resulted in a disagreement of the jury, and since that time has been pressing for another hearing, which has been postponed from time to time, at the request of the plaintiffs. It was not until the court, overruling all objections, had actually directed an immediate trial of the suit, that the application for a discontinuance was made, and immediately granted. Under these circumstances, I think that the order which has been made operates harshly and oppressively upon the defendant. It is urged, and has been assigned as one of the grounds for granting it, that the defendant here has sued these plaintiffs in the circuit court of the United States for the Eastern district of Pennsylvania for the same cause of action which is set forth in the counterclaim, and that he has therefore a present opportunity of securing a trial in that jurisdiction. But it seems to me that the fact should be taken into consideration that that action was instituted before this one was

brought. The plaintiffs are residents of the state of Pennsylvania, with the possible exception of one of them, while the defendant is, and at the time when the action was brought was, a resident of this state, and apparently was compelled to pursue his debtor in a foreign jurisdiction. His opportunity for asserting his claim in this state, of which he is a citizen, was presented when this action was brought, and, unless some good reason exists therefor, the court should not, under these circumstances, relegate him to the assertion of his rights in another jurisdiction. When his case might be reached for trial in Pennsylvania nowhere appears. The record shows that no proceedings have been taken therein since the last pleading was filed, in June, 1896. If the defendant should commence an action upon his claim here, he would, owing to the condition of the calendar, be compelled to wait for a period of two years before it could be reached for trial. I cannot escape the conclusion that, considering these facts, and especially that he is, as I have said, practically the plaintiff in the action, a discontinuance now would be such a hardship upon him as to bring the case within the limits of the discretion which the court is permitted to exercise, and to call for a refusal of the application. It follows that the order should be vacated, and the case restored to its place on the day calendar.

Motion granted, with $10 costs.