### JANSSEN v. WHITLOCK.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

ACTIONS—COUNTERCLAIM—DISCONTINUANCE—GROUNDS—DISCRETION.

Where the defendant interposed a counterclaim, an action should not be discontinued, on plaintiff's motion, on his mere showing that he believes it would be at least 12 months before the action could be tried, and that a speedier trial could be obtained by discontinuing, and beginning again in another county; since, when defendant has set up a counterclaim, or asked affirmative relief, he is as much interested in the result as the plaintiff, and a discontinuance should not be granted unless the court can see that defendant will not be injured or prejudiced.

Appeal from special term.

Action by Frederick W. Janssen against Benjamin M. Whitlock. From an order discontinuing the action on plaintiff's motion, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George E. Blackwell, for appellant.
Charles Coleman, for respondent.

McLAUGHLIN, J. Action upon a promissory note, to which defenses and a counterclaim were interposed. Issue was joined in May, 1900, and the cause placed upon the calendar, and noticed for trial by both of the parties for the November term of that year. A motion was thereafter made to place the action upon the preferred calendar, which was denied, and, following such denial, the plaintiff

made a motion for leave to discontinue the action upon payment of costs. The motion was granted, and defendant has appealed.

From the plaintiff's affidavit used upon the motion it appears that the reason why a discontinuance was asked was that plaintiff believed that it would be at least 12 months before the action could be tried, and that a speedier trial could be obtained "if the action be discontinued, and begun again in Richmond county." That an earlier trial can be had in a county other than the one in which the action is originally brought is no reason why an action should be discontinued. The plaintiff, in the first instance, has the option to determine in which of the counties of the state the trial shall be had, and, once he has exercised that option, he cannot, except upon good cause shown, be permitted to discontinue the action in order that he may bring another action in another county upon the same cause of action. A plaintiff, as a general proposition, has the right to discontinue an action at any time he sees fit upon the payment of costs (Walsh v. Walsh, 33 App. Div. 579, 53 N. Y. Supp. 881), and his reasons for so doing in no way influence the action of the court in granting the order of discontinuance (In re Butler, 101 N. Y. 307, 4 N. E. 518). But this is true only where the defendant has not interposed a counterclaim, and has not demanded affirmative relief. When this is done the defendant is as much interested in the ultimate result of the action as the plaintiff is, and a discontinuance cannot be had unless the court can see that the defendant will not be injured or prejudiced in any way. "In all cases," says the court in Re Lasak, 131 N. Y. 624, 30 N. E. 112, "where a defendant becomes an actor, and is interested in the continuance and trial of the action,—as where he sets up a counter-claim, or sets up a claim to property which is in litigation, and asks in his answer affirmative relief in reference thereto,—he may resist the discontinuance of the action; and then it rests in the discretion of the court whether or not the plaintiff shall be permitted to discontinue." And it has uniformly been held, so far as we are aware, that the court will not exercise this discretion unless it appears that by so doing the defendant will not be injured by it. Winas v. Winas, 124 N. Y. 140, 26 N. E. 293; Yellow Pine Co. v. Lehigh Val. Creosoting Co., 32 App. Div. 51, 52 N. Y. Supp. 281. Here the defendant resides in the county of New York, as do all of his witnesses necessary to establish his alleged counterclaim. The action has been at issue nearly a year. It has been placed upon the calendar, and has been noticed for trial by both parties, and defendant has incurred the expenses necessary in the defense of the action to this time. To permit the plaintiff, under such circumstances, to discontinue the action, in order that he may bring an action in another county of the state (which he says he proposes to do) on the ground that he there resides, and has been informed that he may there obtain an earlier trial, we think is not a proper exercise of judicial discretion. Indeed, it does not appear that he can, in fact, obtain in Richmond county an earlier trial than he can obtain in the county of New York, nor are any grounds stated for the plaintiff's belief in this respect. It seems to us, under the foregoing facts, that it is unjust to permit the plaintiff to discontinue the action in order that he may bring another action in Richmond

county, and compel the defendant to go to that county, and try the issues involved. It is, in effect, a mere subterfuge for a change of venue, and this the court ought not to permit, inasmuch as the place of trial of an action can be determined in the manner pointed out in the Code.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.