## In re BOARD OF TRUSTEES OF VILLAGE OF WHITE PLAINS.

(Supreme Court, Appellate Division, Second Department. November 22, 1901.)

HIGHWAYS—PROCEEDINGS TO OPEN—DISCONTINUANCE—DISCRETION OF COURT.
On a motion by a board of village trustees for an order discontinuing proceedings by such board for the opening of a highway, the discretion of the court as to the terms on which discontinuance may be had is not limited to the payment of ordinary taxed costs and disbursements.

Appeal from special term, Westchester county.

Proceedings on the application and petition of the board of trustees of the village of White Plains for the opening and laying out of a highway in such village. From an order granting a motion by the board to discontinue the proceedings, the board appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and SEWELL, JJ.

H. T. Dykman, for appellant.

Wilson Brown, Jr., for respondents, Victoria Whitney and Sarah E. Lester.

GOODRICH, P. J. This is an appeal by the board of trustees of the village of White Plains from an order granting a motion made by the board to discontinue proceedings instituted by it to open a public highway. The parties stipulated that the appellant raises only the question of law "that the court had no power except to discontinue on payment of ordinary taxed costs and disbursements in an action or special proceeding." There is no doubt of the power of the court to order a discontinuance. In re Butler, 101 N. Y. 307, 4 N. E. 518. Indeed, this is conceded in the brief of the appellant. This being so, the question is fully answered in Re Waverly Waterworks Co., 85 N. Y. 478. If it were not for the stipulation above referred to, the clause of the order which provides for the payment of the expenses and damages upon the report of the referee, without confirmation thereof by the court, might well be subject to review.

The order should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.