ELENA DE AROSTEGUI SLADE, Appellant, *v.* HENRY LEWIS SLADE, Respondent.

First Department, June 21, 1934.

*A. Fernande De Kreiges*, for the appellant.

*Samuel Saline*, for the respondent.

MARTIN, J. This is an action for a divorce. The defendant, in his answer, denies all the allegations of the complaint except that he and the plaintiff were married. He sets up as a separate and complete defense an absolute divorce obtained by him in Nevada.

The plaintiff obtained a judgment of separation from the defendant in New York on October 30, 1931, giving her custody of the two children, subject to visitation privileges upon the part of her husband, together with alimony in the amount of $7,500 per year. Thereafter a different financial arrangement was made in a separa-

tion agreement entered into by the parties. While the plaintiff's action for a separation was pending the defendant went to Nevada and obtained a divorce upon the ground of desertion. He returned to New York and on November 26, 1932, remarried in Greenwich, Conn.

Two actions were then commenced by the plaintiff. One against the defendant and his alleged second wife for a declaratory judgment and the second against the defendant for specific performance of the separation agreement entered into by the parties. The defendant was personally served in each action. After numerous conferences between the parties and their attorneys, both suits were settled upon condition that the plaintiff bring an action for divorce against the defendant. The plaintiff, because of religious scruples, at first refused to accede to this demand, but finally consented to bring the action. By the terms of the agreement the defendant was to make certain payments to the plaintiff. The plaintiff served the defendant in the divorce action but the defendant refused to carry out his part of the agreement providing for the payment of money. Upon his refusal to live up to the separation agreement the plaintiff moved to discontinue her divorce action, which motion was denied and this appeal was taken by the plaintiff.

The court at Special Term in denying the motion said: " Upon the foregoing papers this motion to discontinue action is denied. (See *Winans* v. *Winans*, 124 N. Y. 140, 145.) A final determination of the validity of the Nevada decree of divorce can be had in this action, thereby fixing the status of all interested parties. In this respect the action parallels the one for declaratory judgment wherein jurisdiction of the other defendant has not been obtained."

The defendant claims that the court properly refused to discontinue the action as the plaintiff, by beginning the action, cast a cloud upon defendant's present marital status and he should be given an opportunity to remove it, and cites *Winans* v. *Winans* (124 N. Y. 140, 145) in support of that contention.

It is urged by the plaintiff that the commencement of this action for divorce was one of the conditions under which her two prior actions were settled and that the defendant, having failed to comply with the terms of the settlement, should not be allowed to profit to the extent of having the court refuse the plaintiff's application for a discontinuance. The plaintiff further claims that the motion for leave to discontinue the divorce action should have been granted in the exercise of a fair judicial discretion, and cites *Matter of Butler* (101 N. Y. 307), where the court said: " Ordinarily, a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court.

A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance."

The plaintiff further contends that the defendant has taken an unfair advantage of her; that she settled two actions upon condition that certain property settlements be made on behalf of herself and her two children; that while the entire agreement for the settlement of the two actions and the bringing of this present divorce action may not have been legal, the defendant should not be permitted to profit by it; that he has a remedy if his rights have been invaded by the plaintiff.

The special circumstances here present take this case out of that class of cases where a discontinuance will not be permitted.

We are of the opinion that the order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

FINCH, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.