### KAUFMAN v. BRENNAN et al.

(Supreme Court, Appellate Division, First Department. January 24, 1908.)

VENDOR AND PURCHASER—RECOVERY OF DEPOSIT—LAW ACTION.

A law action by a proposed purchaser of land to recover a deposit on her rescission of the contract for the vendors' failure to attend at the time and place the deed was to be delivered is governed by the strict rules of law, where the vendors do not ask equitable relief, but stand upon a strict performance of their contract, and, they having failed to so attend, the purchaser is entitled to recover the deposit; time being considered the essence of such contract in an action at law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 973.]

Appeal from Appellate Term.

Action by Minnie Kaufman against Anna E. Brennan and another. From a determination of the Appellate Term reversing a judgment of the Municipal Court in an action to recover a deposit on a land sale contract, plaintiff appeals. Reversed, and judgment of Municipal Court reinstated.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Roy, Watson & Naumer (Robert H. Roy, of counsel), for appellant.

CLARKE, J. This is an appeal from an order of the Appellate Term reversing a judgment of the Municipal Court of the Eleventh District, borough of Manhattan. Said judgment awarded to the plaintiff a sum of money paid by the plaintiff to the defendants as a deposit under a contract for the purchase of certain real estate located in Brooklyn.

· The complaint alleged that the plaintiff and the defendants entered into a written contract, whereby the defendants agreed to convey to the plaintiff certain property at the office of the Title Guaranty & Trust Company, 175 Remsen street, Brooklyn; that the consideration for said transfer was $7,400, upon which the plaintiff paid the defendants, upon the signing of said contract, the sum of $300, and on the day and at the time and place mentioned in said contract for the delivery of the deed the plaintiff attended ready and willing to perform, and tendered performance thereof, but no one appeared on behalf of the defendants, and the defendants were not ready and willing to perform said contract or to deliver said deed, and therefore plaintiff notified the defendants that she elected to rescind the said contract and demanded the return of said sum of $300, which sum not having been repaid judgment therefor was demanded. The answer admitted the contract and the payment of the deposit, denied the allegations that the plaintiff had performed her part of the contract, and alleged that the defendants had performed their part of the contract. A counterclaim of a strictly legal character was interposed. No equitable defenses were interposed, and no equitable relief was asked for.

The contract provided for the closing of title on August 3, 1906, at 10 a. m. There is no dispute in the evidence that the plaintiff appeared at the time and place, duly tendered performance, and, after waiting some considerable time, and the defendants not appearing, went away. The defendants wrote a letter dated two days after the date of closing, in which they said:

"I was sorry you could not wait at the Title Guaranty Company as you had left when I got there. You know Mr. Colton had my contract so somehow I misunderstood the time and thought it was to be 12 o'clock. However, it would not have made much difference as, on account of the plumbers' strike, I was unable to complete the work, and under such circumstances I could not expect to close title that day. The Title Company would not give title until it was completed."

It must be clearly borne in mind that this is not an equitable action for specific performance of a contract for the conveyance of real estate, nor are any equitable defenses set up, nor equitable relief prayed. It is a pure action at law to recover the down payment upon breach of the contract by the defendants. The defendants seek to retain the deposit, not upon the ground that they ought to be excused from their default in not appearing and not being able to fulfill the contract at the time it was to be closed, but upon the ground that they had fully complied with their contract; in other words, were present and were able, ready, and willing to convey the property under the terms of the contract with the plaintiff. Since they did not ask for equitable relief, but stand upon a strict performance of their contract, they must be judged by strict rules of law. Beekman, J., writing for the General Term of the Superior Court, in Zorn v. McParland, 11 Misc. Rep. 555, 32 N. Y. Supp. 770, said:

"The defendant in this case has not set up any equitable defense or counterclaim for the specific performance of the contract, but stands upon his strict legal right to retain the money which has been paid by the plaintiff, on the ground that at law no recovery can be had if the plaintiff was at fault in refusing to perform at the time fixed for the purpose. In this situation he·

cannot invoke the aid of any equitable principle in support of his position, but must submit to be bound to a full and exact performance of his part of the agreement at the time specified. * * * Where the contract is treated as at an end by reason of the failure to perform at the time fixed for the purpose and the equitable power of the court is not invoked to compel specific performance, time is of the essence of the contract."

This case was affirmed in 155 N. Y. 684, 50 N. E. 1123. See, also, Zirinsky v. Post, 112 App. Div. 74, 98 N. Y. Supp. 132.

We have carefully examined the cases cited in the opinion of the learned court, and think that they are clearly distinguishable from the case at bar, either because the contract and conduct of the parties clearly negatived the proposition that time was of the essence of the contract, or because the nature of the action or the defense injected equitable considerations into the controversy. We do not think that any of them has shaken the long and well-established rule that in an action at law time is to be considered as of the essence of a contract for the purchase and sale of real estate.

We think upon the pleadings and facts here presented the judgment of the Municipal Court was right. It follows, therefore, that the judgment of the Appellate Term should be reversed, with costs to the appellant, and the judgment of the Municipal Court reinstated. All concur.