(66 Misc. Rep. 560.)

### STUBBERT v. STUBBERT et al.

(Supreme Court, Special Term, New York County. March, 1910.)

DIVORCE (§ 139*)—LEAVE TO DISCONTINUE—ALLOWANCE—EXPENSES OF CO-RE-SPONDENT.

Where, in an action by a husband for divorce, the wife counterclaims, on reconciliation of the parties, discontinuance will only be allowed, on objection of co-respondent, on the payment of an extra allowance for her expenses.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 464–466; Dec. Dig. § 139.*]

Action by James Edward Stubbert against Kathryn Stubbert for divorce, in which one Hartsell was named as co-respondent. On motion by plaintiff and defendant for leave to discontinue. Granted on terms.

Charles A. Oakes, for plaintiff.
Charles C. Burnstine, for defendant Hartsell.

GERARD, J. In this action the husband, the plaintiff, sued his wife for divorce. The wife set up a counterclaim, naming a lady living with her husband as co-respondent. Plaintiff and defendant now come to court and ask leave to discontinue; but co-respondent says that she has been dragged into the domestic quarrels of plaintiff and defendant, accused of immoral conduct, and branded in the newspapers. The co-respondent asks as a condition of allowing discontinuance that defendant should write a letter exonerating her from the charge made, or that defendant be compelled to pay an extra allowance to co-respondent to compensate her for her expense in hiring counsel and preparing to defend her good name in the court. The defendant refuses to write a letter, and the remaining question is: Can the court impose the payment of an extra allowance on defendant?

In Schlegel v. Church, etc., 124 App. Div. 502, 108 N. Y. Supp. 955, an allowance on discontinuance was refused. But there all that appeared was that a complaint was served, a general denial put in and that plaintiff moved for leave to discontinue. As the court said: "There was no interest of the defendant changed by the bringing of the action." In Kilmer v. Evening Herald Co., 70 App. Div. 291, 75 N. Y. Supp. 243, a plaintiff sued for libel, demanding $25,000 damages, and when there was proof that there was preparation for trial the court granted an extra allowance to defendant as a condition to allowing plaintiff to discontinue his action. In Matter of Waverly Waterworks Co., 85 N. Y. 479, 482, the court said:

"When an action or special proceeding has been commenced the defendant may have an interest that it shall be conducted to its termination, and in such case the court can protect such interest by refusing to permit the action or proceeding to be discontinued, or it may impose such reasonable terms as a condition of discontinuance as will fully protect or indemnify the defendant."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I certainly think that this lady who has been named in this action as co-respondent has an interest that it shall be conducted to its termination, or, if not so conducted, that she shall be indemnified by the person who has unjustly named her. In Winans v. Winans, 124 N. Y. 140, 26 N. E. 293, the court said, in referring to a motion to discontinue a divorce action:

"The rights of the party to the record are not alone to be considered. The public is regarded as a party, and must be treated as such by the court. Because of the public interest, the court has been invested with a wider discretion in the control of the course of procedure in matrimonial actions than in others."

I, therefore, will grant the motion for leave to discontinue on payment by defendant to this co-respondent, Hartsell, of $500; otherwise, leave to discontinue refused.

Ordered accordingly.