## LEVEY v. LEVEY.

(Supreme Court, Special Term, Kings County. December 14, 1914.)

1. MARRIAGE (§ 1*) — NATURE OF MARRIAGE RELATION — SUPERVISION BY COURTS.

Marriage in New York is more than a civil contract, which parties may break or terminate at will, but is a status, involving the public welfare; and hence the court in matrimonial actions is charged with a greater responsibility and invested with a wider discretion than in ordinary contract cases.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, First and Second Series, Marriage.]

2. MARRIAGE (§ 60*)—ANNULMENT—MOTION TO DISCONTINUE ACTION.

   A motion to discontinue an action to annul a marriage for impotency could not be sustained, pending suit for absolute divorce on the statutory ground, where the parties separated shortly after marriage, and plaintiff has since persistently endeavored to terminate the relation by numerous suits, wherein she retained one lawyer after another, was awarded temporary alimony and counsel fees, motion for which is still pending, and throughout the various litigations seems to have trifled with the court, and sought only to use its process and powers to her own financial advantage.

   [Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 125–128, 130–135; Dec. Dig. § 60.*]

Action by Warrena D. Levey against Clarence D. Levey for annulment of marriage. Motion to discontinue action denied.

See, also, 148 N. Y. Supp. 417.

Vincent S. Lippe, of New York City, for the motion.
Abraham C. Cohen, of New York City, opposed.

BENEDICT, J. [1] In this state, marriage is more than a civil contract, which one or the other of the parties may break or terminate at will. It is a status, which involves the welfare of the public, and, because of this fact, the court in matrimonial actions is charged with a greater responsibility and invested with a wider discretion than in ordinary contract cases. The present case will serve as an apt illustration of the value and importance of this principle.

[2] This is a motion by the plaintiff, the wife, for leave to discontinue an action which she has brought against her husband for the annulment of their marriage, upon the ground that at the time of the marriage the defendant was physically incapable of entering into the marriage state, and that such condition has continued and is incurable. The marriage took place in February, 1912, at which time the plaintiff was about 20 years of age and the defendant was about 62 years. After living together for about 3 weeks, the parties separated, and since that event occurred the wife, as will be seen, has been endeavoring, with great persistence, to terminate the marriage relation upon one ground or another. First, she began an action in the Supreme Court in New York county for a separation; then, retaining another attorney, she began an action, in the same court, for an annulment. In that action she received $400 and her attorney $50 counsel fee. She then retained another attorney, and later still another. In February, 1914, while those two actions were still pending, she, through still another attorney, brought still another action in the same court for separation, and, on motion in that action, was awarded temporary alimony of $15 a week and a counsel fee of $100. Later, upon a further application, the alimony was increased to $25 a week and a further counsel fee was given of $100, on condition that the first and second actions should be discontinued.

Thereafter this present action was brought in Kings county to procure an annulment. After this action was started the defendant made an agreement with the plaintiff (she having moved herein for alimony and counsel fee) whereby he agreed to give her $4,000 in extended

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

payments in lieu of all alimony and claims for support, and on account of which he has since paid to her the sum of $1,000. No defense to this action having been interposed, although the defendant appeared by attorney, it came on for hearing before me as an undefended case in Special Term, Part 2, of this court in September, 1914. After hearing the proofs offered by the plaintiff, I made the usual direction that the defendant submit to a physical examination by a physician to be selected by the court, and this course was followed with the defendant's full consent, he having personally appeared in court with his counsel. Thereafter, the case coming on for further hearing before me in October, 1914, the physician gave testimony, the plaintiff again testified as a witness in her own behalf, and the court reserved decision until such time as the stenographer's minutes should be submitted by the plaintiff's attorney, who has not complied with this requirement, owing, I presume, to the fact that shortly thereafter he retired from the case in favor of the present attorney.

On November 23, 1914, the plaintiff employed another attorney— who was also substituted as her attorney in the present action—and began with his aid three other actions in this court, one to set aside the agreement for the payment of $4,000 above referred to, another for $5,000 for maintenance since the marriage, and a third for absolute divorce upon statutory grounds. In the last-mentioned suit the plaintiff moved before me at the November Special Term, Part 1, for temporary alimony at the rate of $1,000 a month and a counsel fee of $2,500, and she also gave notice of the present application for leave to discontinue this action for annulment. The disposition which I shall make of the motion for leave to discontinue will make it unnecessary for me, at the present time, to consider the motion for alimony.

Ought the plaintiff, under the unusual circumstances disclosed by the records before me, which I have felt it my duty to review, be allowed to discontinue this action for annulment, so that she may prosecute her latest suits, and especially the suit for absolute divorce? I think not. Noticing, but not discussing, the inconsistency of her position in claiming in one breath that her marriage should be annulled on account of the impotence of her husband, and in the next asserting that he has committed acts of adultery and been living in adulterous intercourse with another woman, it seems to me that she has throughout all these various litigations been trifling with the court, and seeking to use its process and powers solely with a view to her own financial advantage.

In ordinary actions, where a plaintiff for any reason desires to discontinue his suit, he is entitled, without the consent of the defendant, to do so upon application to the court, and either upon or without the payment of the costs of suit, as may be directed; and this is true, both in actions at law and in equity, unless in exceptional cases, where substantial rights of others have accrued and injustice will be done to them by permitting the discontinuance. See note to Beadleston v. Alley, 7 N. Y. Supp. 747.[1] But in actions of a matrimonial nature the

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 55 Hun, 605.

general rule is modified. As was said by Judge Parker, writing for the Court of Appeals in Winans v. Winans, 124 N. Y. 140, at page 145, 26 N. E. 293, at page 294:

"In divorce cases there are two reasons why the rule which guides the court in determining whether to allow a discontinuance in ordinary actions cannot be strictly applied: (1) The rights of the party to the record are not alone to be considered. The public is regarded as a party, and must be treated as such by the court. (2) Because of the public interest, the court has been invested with a wider discretion in the control of the course of procedure in matrimonial actions than in others."

This decision has been applied in several cases. See, for example, Stubbert v. Stubbert, 66 Misc. Rep. 560, 123 N. Y. Supp. 1080; Gressman v. Gressman, 145 N. Y. Supp. 819.

As I have said, the plaintiff has seen fit to submit to the court in the present action her claim to have her marriage annulled upon the ground of the defendant's physical incapacity, and this case is still sub judice. A decision in her favor herein would render it unnecessary to proceed further in the action for divorce.

I direct, therefore, that the minutes in this action be submitted to me within ten days from the filing of this opinion, and I deny the motion to discontinue this action, reserving decision upon the motion for alimony and counsel fee in the divorce action until after I shall have reached a decision and made findings in the present suit. I direct that the attorney for the defendant cause the minutes to be submitted, in case the plaintiff shall fail to furnish them.