(93 Misc. Rep. 506)

DROEGE v. BITTNER.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

1. COURTS ⬥189—MUNICIPAL COURT—VOLUNTARY DISMISSAL—RIGHT OF PLAINTIFF.

In the trial of an action in the Municipal Court, brought after the Municipal Court Code became effective and when the rules governing plaintiff's right to discontinue were those in force in the Supreme Court, the court, during plaintiff's cross-examination on his rebuttal testimony, said, "That is all," and plaintiff left the stand, and during the following colloquy the stenographer noted, "Both sides rest," and plaintiff's request for leave to discontinue was refused, and judgment rendered for him for less than one-half of his claim. _Held_, that the case had not been submitted by the parties to the trial court for decision so completely as to preclude plaintiff's right to discontinue, and that his request therefor should have been allowed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⬥189.]

2. COSTS ⬥48—DISCONTINUANCE.

Judgment for costs would go against a plaintiff whose request to discontinue was granted.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 129, 192–210; Dec. Dig. ⬥48.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Otto H. Droege against John Bittner. From a judgment rendered in his favor, plaintiff appeals. Reversed, and complaint dismissed, without prejudice.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

John Mulholland, of New York City, for appellant.

George Hahn, of New York City, for respondent.

GAVEGAN, J. [1] The only question to be determined upon this appeal is the plaintiff's right to discontinue an action at the time he asked leave to do so. The record discloses that, while the plaintiff was being cross-examined upon his rebuttal testimony, the court said, "That is all." The witness left the stand, and a colloquy ensued, during which the stenographer noted, "Both sides rest." Subsequently, and during a further conversation between the court and the respective attorneys, the plaintiff asked leave to discontinue, which was refused, and judgment rendered for him for less than half of his claim. From this record it is evident that the case had not been submitted by the parties to the trial court for decision so completely as to preclude the plaintiff's right to discontinue. The action was brought after the Municipal Court Code went into effect, and the rules governing the rights of plaintiff to discontinue are therefore those in force in the Supreme Court. In the Matter of Butler, 101 N. Y. 307, 4 N. E. 518, it was held:

Except where substantial rights of other parties have accrued, and injustice will be done by permitting it, a party has a right to discontinue an action or proceeding, and his reasons for so doing are no concern to the court. A refusal of leave to discontinue, therefore, when nothing appears to show that it will injuriously affect the rights or interests of the adverse party is not within the discretion of the court and is error.

In Winans v. Winans, 124 N. Y. 140, 26 N. E. 293, the court said:

"An application for leave to discontinue an action is addressed to the legal, not the arbitrary, discretion of the court, and it may not be denied capriciously, but may be refused whenever circumstances exist which afford a basis for the exercise of legal discretion; in such a case the court has but to consider whether anything has occurred since the commencement of the action which would so far prejudice defendant's interest, in the event of a discontinuance, as to require a denial of the application."

[2] Nothing was shown in this case calling for a denial of plaintiff's request, and he should have been allowed to discontinue. Judgment for costs would, of course, go against him in such a case.

Judgment reversed, with $30 costs to appellant, and complaint dismissed without prejudice to a new action, with costs in the lower court; costs of one party to be set off against those of the other. All concur.