ELEANOR D. DAVIDSON, Plaintiff, *v.* LOUIS. M. REAM,
Defendant.

(Supreme Court, Albany Special Term, December, 1916.)

Discontinuance — order of — motions and orders — appeal — when order
set aside.

> Under a judgment declaring void and of no effect a ceremony
> of marriage between plaintiff and defendant a large sum of
> money was paid for claims made by plaintiff against defend-
> ant. Four years after the rendition of said judgment plain-
> tiff's motion to set it aside for want of jurisdiction and for
> conspiracy and fraud was granted and, after defendant had
> taken an appeal from said order, plaintiff without defendant's
> knowledge obtained *ex parte* an order of discontinuance.
> *Held,* that, as the effect of said order of discontinuance would
> render the appeal of defendant of no avail and give plaintiff
> an advantage she was not entitled to, the order should be set
> aside.

MOTION for an order setting aside an order of dis-
continuance.

Edgar T. Brackett, for plaintiff.

Arthur L. Andrews (Lindley M. Garrison, of coun-
sel), for defendant.

RUDD, J.    The defendant moves, under an order to
show cause granted by Mr. Justice Chester, for an
order setting aside an order of discontinuance granted
by Mr. Justice Chester at Special Term, November 10,
1916.

The defendant appears without prejudice to his
special appearance herein.

There is no dispute as to facts.    The question is,
shall the order of the Special Term, granted by Mr.

Justice Chester, *ex parte,* discontinuing this action be vacated?

The order of discontinuance made November 10, 1916, was made on the affidavit of Hon. Edgar T. Brackett, and the substantial part of the order reads as follows:

" Ordered, That the above entitled action be and the same is hereby discontinued on payment of costs by the plaintiff if any shall be allowed by the court, such action being one in equity."

The affidavit upon which the order was made shows that Hon. Edgar T. Brackett had been substituted in place of Shaw, Bailey & Murphy as attorney for the plaintiff; that judgment had been entered herein January 16, 1912, in Rensselaer county, annulling the marriage of the plaintiff to the defendant and declaring the same invalid; that an order had been entered in Rensselaer county vacating and declaring null and void the said judgment annulling the marriage between plaintiff and the defendant, and that said order annulling the judgment had left this action still pending; that the plaintiff desired to discontinue the same and asks for an order of discontinuance; and that no previous application for such order had been made to deponent's knowledge.

Upon such an affidavit and upon an *ex parte* application the Special Term was justified in granting the order of discontinuance.

Upon the motion here made a somewhat different state of facts is developed. It now appears that under the judgment entered in January, 1912, declaring void and of no effect the ceremony of marriage performed between the plaintiff and defendant in the state of New Jersey on September 1, 1911, there had been paid for claims by the plaintiff against the defendant for

breach of promise to marry, support and maintain the defendant and for her counsel fees the sum of $38,000. That this judgment annulling the marriage remained in full force until a motion was made at the Saratoga Special Term in March, 1916, to set aside the judgment on the ground of want of jurisdiction and for conspiracy and fraud alleged to have been practiced by the defendant against the plaintiff.

That in April, 1916, the defendant appeared specially to deny the jurisdiction of the court and moved to set aside the service of the papers as having been improperly made.

This motion to set aside the service was denied and from the order entered thereon the defendant appealed to the Appellate Division in this department, which appeal was argued at the November term and is now undetermined.

Plaintiff's motion to vacate the judgment entered in Rensselaer county, declaring null the marriage between these parties, was granted at a Special Term in Saratoga county by Mr. Justice Borst.*

An order, in accordance with the findings of the Special Term, was entered and resettlement of the order was noticed for November 13, 1916. On November 10, 1916, the plaintiff obtained, *ex parte,* and without the knowledge of the defendant or his counsel, the order of discontinuance which is here the subject of consideration.

The defendant appealed on November 22, 1916, to the Appellate Division from the order, as resettled, vacating the judgment annulling the marriage, which appeal is now pending and will be argued, as defendant states, at the January term of the Appellate Division to be held within a few weeks.

* See 97 Misc. Rep. 89.— [REPR.

This action is in equity. Every feature of it and every phase of it should be governed and controlled by equitable principles; neither party should be given an advantage over the other, except the advantage to which the party is legally and equitably entitled.

Whether the order of the Special Term setting aside the judgment of annulment is correct or not is not for this court to determine. The review of that order is in the Appellate Division, not here.

The simple question presented to this court is, should an action in equity be discontinued because one party makes an application for an order of discontinuance, irrespective of the rights, substantial or otherwise, of the other party to the action.

There seems to be little doubt but what the practice is well established that an order discontinuing an action ends the action and stops all further proceedings in the action.

If the action is discontinued there is nothing more to be said or done. An appeal could not be presented to the Appellate Division for argument in an action which no longer existed. Courts are quite busy enough with live issues without being called upon to dispose of questions in cases which by an order of the court have been stopped, and which thereby no longer present, pending for determination, any question, real or otherwise.

The court's attention is called by counsel for the plaintiff to *Winans* v. *Winans,* 124 N. Y. 140.

In that case, Judge Parker, expressing the unanimous opinion of the court, said: " It is true, as a general rule, that a plaintiff may, upon the payment of the costs of the defendant, enter an order of discontinuance of the action, and give notice thereof, and that the cause will be thereby discontinued." Further " But an application for leave to discontinue is

addressed to the legal, not the arbitrary, discretion of the court, and it cannot capriciously deny it."

When the application was made, *ex parte,* to Mr. Justice Chester for the order of discontinuance upon the papers presented, it might have been a capricious act had he denied it, but that is not the subject, hardly, for consideration now because Judge Parker, in the *Winans* case, said: "The cases cited support the right to refuse leave whenever circumstances exist which afford a basis for the exercise of legal discretion, and in those cases the court had but to consider whether anything had occurred since the commencement of the action which would so far prejudice defendant's interest in the event of a discontinuance as to require a denial. But in divorce cases there are two reasons why the rule which guides the court in determining whether to allow a discontinuance in ordinary actions cannot be strictly applied.

"1. The rights of the party to the record are not alone to be considered, the public is regarded as a party and must be treated as such by the court.

"2. Because of the public interest the court has been invested with a wider discretion in the control of the course of procedure in matrimonial actions than in others."

That is the rule which should guide this court. Are there rights of a substantial character here involved of which, upon the *ex parte* application to Justice Chester, the court then had no information, which may be affected or destroyed by the order of discontinuance? If so, when such facts do come to the knowledge of the court upon the consideration of whether the order of discontinuance should stand or not, then such a situation must be seriously considered by the court to which the question is addressed.

In *Angier* v. *Hager,* 45 App. Div. 32, it was held that

the " plaintiff in an action at law, in which an answer has been interposed setting forth no counterclaim or affirmative defense, may obtain, upon an *ex parte* application, an order discontinuing the action upon the payment of costs."

In the opinion of the court, Parker, P. J., quotes from *Carleton* v. *Darcy,* 75 N. Y. 376, as follows: " It is true, as a general rule, that a plaintiff may, upon the payment of the costs of the defendant, enter an order of discontinuance of the action, and give notice thereof, and that the cause will be thereby discontinued. Yet the court has always kept and exercised the right to control such an order, as well as any other order put upon its records. And where circumstances have existed which have made it inequitable that the plaintiff should, of his own head and without terms, discontinue his action, they have refused his motion to do so altogether, or except on terms; or when he has entered an order *ex parte,* have opened it, and made it conform to what was proper under the circumstances."

In other words the circumstances and the rights of the parties, whatever they are, make the exception to the rule and are controlling.

In *Matter of Petition of Butler,* 101 N. Y. 307, the court said: " A party should no more be compelled to continue a litigation than to commence one, *except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance.*"

It cannot be said that the defendant in the action in which the order of discontinuance has been entered has no rights which may be impaired or affected by the discontinuance of the action, when the defendant has pending in this court, in its appellate branch, an appeal to be argued within a brief period of time, in which will be determined whether or not the judgment of

annulment entered in 1912, under which he paid $38,000 to the plaintiff, shall stand or not.

This court knows nothing of the merits of the pending litigation, it is not a subject even of consideration, it is not involved in the disposition of this question, but there certainly has been shown, by a reading of the papers here presented, by a careful reading of Justice Borst's decision, and the fact that there is pending subject to review by the Appellate Division of our court the determination of the validity or invalidity of the judgment of annulment, sufficient to indicate that defendant has a substantial right which may be seriously affected by the discontinuance of the action.

Since the order of discontinuance was entered the plaintiff has commenced an action against the defendant for separation. It was evidently the purpose of the plaintiff to obtain a discontinuance of the action in order that the order of the Special Term setting aside the decree of annulment would thereby be final and the plaintiff would have a free opportunity of prosecuting the separation action which she sees fit to bring against the defendant.

The consideration of this question involves no thought of improper conduct in the application for the order of discontinuance on the part of anybody, but when the situation is developed, as it now is upon the motion to set aside the order of discontinuance, it calls equitably for but one result.

The motion is granted. An order may be entered setting aside the order of discontinuance heretofore entered by the Special Term.

Motion granted.