Solomon Rosen, Appellant, *v.* 981 Union Avenue Corporation and Max J. Kramer, Respondents.

Solomon Rosen, Appellant, *v.* 976 Tinton Avenue Corporation and Max J. Kramer, Respondents.

(Supreme Court, Appellate Term, First Department, June, 1920.)

Discontinuance — when motion to discontinue granted — pleading — appeal.

Where an answer is only a general denial the denial of a motion to discontinue the action made after a denial of defendant's motion to dismiss the complaint and of a motion by plaintiff for leave to withdraw a juror, is error for which a judgment in favor of defendant will be reversed and the motion to discontinue granted. Plaintiff is entitled to discontinue his action at any time before final submission to the jury, provided no substantial rights of the defendant or a third party have intervened, and a tender of costs is unnecessary upon the motion.

Appeal by plaintiff from a judgment of the City Court of the city of New York, in favor of the defendants, and from an order denying plaintiff's motion for a new trial.

Misc.]    Appellate Term, First Department, June, 1920.

Lind & Pfeiffer (Alexander Pfeiffer, of counsel), for appellant.

Strasbourger & Schallek (Max L. Schallek, of counsel), for respondents.

Wagner, J. The correctness or validity of the verdicts as to substance and subject matter does not arise, the sole question upon this appeal relating to the refusal of the trial court to discontinue the actions, tried as one pursuant to a stipulation of counsel, on motion of the plaintiff made during the trial.

After plaintiff's case had been presented and plaintiff had rested, and the defendants' motion to dismiss the complaint had been denied by the trial justice, the plaintiff asked the court, after a colloquy had taken place, to which it is unnecessary here to refer, to withdraw a juror, which motion was denied. Plaintiff then moved to discontinue the actions, which motion was likewise denied. Under protest the learned trial justice compelled plaintiff's counsel, who had notified the court that he had withdrawn from the case, to continue the trial thereof, and the latter with the express view of avoiding any imputation of contempt, and upon renewed protest at the court's procedure, did continue, again moving at the end of the entire case to discontinue, which motion similarly was denied.

It is well settled that a plaintiff is entitled to discontinue his action at any time before final submission to the jury, provided no substantial rights of the defendant or a third party have intervened. *Droege v. Bittner,* 93 Misc. Rep. 506; *Telephonine Co. v. Douthitt,* 115 App. Div. 362; *Harrigan v. Prendergast,* 94 Misc. Rep. 151; *Levy v. Metropolitan Life Ins. Co.,* 95 id. 556. The right is his and the reason for so doing is of no concern to the court. *Schintzuis v. Lacka-*

Appellate Term, First Department, June, 1920. [Vol. 112.

*wanna Steel Co.,* 224 N. Y. 226. No more is he compelled, in the absence of the above exception, to continue a litigation than he was originally to institute it. Where nothing appears to show that it will injuriously affect the rights of the adverse party, it is the duty of the trial court to grant the motion for leave to discontinue. This rule is not opposed to nor does it prevent the exercise of the court's legal discretion, which it necessarily has through its control over the entry of its own orders. It simply provides a test as to when there is a foundation for its exercise; for, as was said' in *Matter of Butler,* 101 N. Y. 307, where it is clear the rights of the opposing party are not violated "a refusal of leave becomes merely arbitrary and without any basis upon which discretion can exist." In the case at bar the answers of both defendants were general denials. Not only did they interpose no counterclaim, but the record discloses nothing which would indicate that any rights of any of the defendants, or any one else, had intervened, or would have been prejudiced so as to demand a continuance of the actions to their termination.

It is urged, however, that the trial court's action was proper in that the motion was not accompanied or coupled with an actual tender of costs at the time the request for leave to discontinue was addressed to the court. It is the undoubted duty imposed upon the plaintiff to comply with the terms made by the court after such motion has been granted if he desires to avail himself thereof, but that is far from making the offer a condition precedent to its granting. A dictum found in *Kruger* v. *Persons,* 52 App. Div. 50, appears to be defendants' sole reliance for such contention.

We think it clear both from its reading and that of the two cases cited by it (*Matter of Butler, supra,* and *Winans* v. *Winans,* 124 N. Y. 140), which do not in any

manner support the proposition that the court did not mean to hold that a motion of this kind to be effectual must be coupled with a tender of costs. Though the precise question does not seem to have been presented in any decision of this State, it was specifically passed upon by the Supreme Court of California in *Hancock Ditch Co.* v. *Bradforf,* 13 Cal. 637, with whose reasoning we agree. The court there said: " We do not understand that the plaintiff is bound to tender the costs before being entitled to be nonsuited; for the costs cannot be at the moment known or computed. But this proviso was only meant to declare that the effect of the nonsuit is to subject him to costs."

For the reasons above stated the refusal of the request of the plaintiff to be permitted to discontinue its actions constituted error requiring a reversal of the judgments.

Judgments and orders reversed, with costs to appellant as of one appeal, and motion for leave to discontinue granted and actions discontinued, with taxable costs to respondents to date of trial as of one action; costs of one party to be set off against those of the other.

BIJUR and DELEHANTY, JJ., concur.

Judgments and orders reversed, with costs to appellant on an appeal.