MARY F. ROBERTS, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

*Vendor and purchaser — when on day for closing it appears that there are mechanic's liens upon the property, purchaser is not obligated to accept vendor's oral promise to bond the liens and take title in absence of covenant against incumbrances in tendered deed.*

*Roberts* v. *N. Y. Life Ins. Co.*, 195 App. Div. 97, affirmed.

(Argued April 27, 1922; decided May 12, 1922.)

APPEAL from a judgment, entered May 11, 1921, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a verdict directed by the court and directing judgment in favor of plaintiff. The action was to recover an amount paid upon execution of a contract for the purchase and sale of real property. On the day for closing the purchaser called attention to two mechanics' liens upon the premises and suggested a postponement. This the vendor's attorney refused to grant but insisted title be taken at once and verbally stated that he would bond the incumbrances. Thereupon the purchaser refused to take title upon the ground that the proprty was not free and clear of all incumbrances and demanded the return of the money paid. The Appellate Division held that by its terms, time was of the essence of the contract and that the vendor having refused a postponement and the deed tendered containing no covenant against incumbrances, the purchaser was not bound to accept the mere oral promise of vendor's attorney that he would bond the liens.

*Edward E. McCall* and *George W. Hubbell* for appellant.

*John S. Wise, Jr.*, for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.