In the Matter of the Judicial Settlement of the Account of Proceedings of MORTIMER SURRY TIPPENS and GEORGE SPAMER, as Executors, etc., of WILLIAM JAHN, Deceased.

Surrogate's Court, Bronx County, November, 1923.

**Executors and administrators — accounting — claims against estate — discontinuance — costs.**

An application for leave to withdraw a rejected claim after the examination of several witnesses at the hearing upon the judicial settlement of the executors' accounts will be granted upon payment by claimant to the executors of the costs as taxed, and upon failure to make such payment a motion to dismiss the claim with costs will be granted.

PROCEEDING to settle executors' accounts.

*Henry C. Botty,* for executors.

*Leslie J. Tompkins,* for Francis J. Bank et al., claimants.

*Salter & Steinkamp,* for Wartburg Orphan Asylum.

*Adolph & Henry Bloch (Benjamin L. Blauvelt,* of counsel), for next of kin.

SCHULZ, S.   The respondents, claimants against this estate whose claims were rejected by the executor and were in process of determination under section 211 of the Surrogate's Court Act, after having examined several witnesses, requested that they be permitted to withdraw their claims without prejudice.   The petitioner and other interested parties who had appeared opposed the applications.   It was agreed that if the court declined to permit a withdrawal of the claims, the respondents rested.   Motions were made to dismiss the claims.

A claimant is somewhat in the position of a plaintiff in an action and a withdrawal of a claim is, in effect, a discontinuance; hence it may be urged that applications for leave to withdraw are governed by the same rules that apply upon applications for leave to discontinue.   The authorities hold that the latter are addressed to the legal discretion of the court and should not be arbitrarily denied.   *Matter of Butler,* 101 N. Y. 307; *Rosen* v. *981 Union Ave. Corporation,* 112 Misc. Rep. 492.   They may, however, be refused whenever circumstances exist which afford a basis for the exercise of a legal discretion (*Winans* v. *Winans,* 124 N. Y. 140), such, for instance, as the intervention of substantial rights of the other party.   *Carleton* v. *Darcy,* 75 N. Y. 375, 376; *Davidson* v. *Ream,* 98 Misc. Rep. 72.

In the pending matter the petitioners are accounting in a representative capacity, for the purpose of making distribution.   The Surrogate's Court Act (§ 211) sets forth the time within which actions may be brought on rejected claims and provides that if not so brought, the claimant and persons claiming under him are forever barred from maintaining such action, and " in such case, said claim shall be tried and determined upon the judicial settlement " of the account; in other words, the matter shall be so determined that a decree may be made and distribution directed.   If the claims are withdrawn, however, nothing remains to be tried and determined because it is as though they had never been presented and a decree may then enter settling the account without making provision for the claims.

I do not think the circumstances are such as to call for the exercise of a legal discretion, and hence it would follow that the claimants

should be permitted to withdraw their claims. I am not quite clear as to what was meant by a withdrawal " without prejudice." I know of no authority giving me the right to permit a qualified withdrawal. The claims must be withdrawn or not, without qualification.

The applications for leave to withdraw the claims are, therefore, granted upon payment by each claimant to the petitioner of costs to be taxed within three days after notice to the attorney for the claimants that the amounts thereof have been fixed. In the event of the failure to pay such costs, then the motions to dismiss the claims are granted, with costs to the petitioner against each claimant. Decree settling the account to enter after the expiration of the time within which costs are to be paid.

Decreed accordingly.