MARY E. BLEVINS, Plaintiff, *v.* WALTER S. BLEVINS, Defendant.

Supreme Court, Warren County, January 28, 1928.

Husband and wife — separation — defendant is entitled to withdraw counterclaim for divorce in discretion of court — corespondent need not be apprised of application — defendant must pay taxable costs to corespondent and plaintiff's counsel fees, as conditions of withdrawing counterclaim.

In this action for separation, defendant, who interposed a counterclaim for divorce on the ground of adultery, should be permitted to withdraw said counterclaim in the discretion of the court, where defendant concedes that he will be unable to prove the acts of infidelity charged against plaintiff, and where no useful purpose could be accomplished by the denial of defendant's application.

Notwithstanding the fact that the corespondent appeared and answered, there is no necessity of apprising him of the application, since he cannot complain unless the order of discontinuance affects some substantial right that has accrued to him; moreover, application to discontinue actions are frequently made and granted *ex parte.*

However, the motion for leave to withdraw the counterclaim is granted only upon the condition that defendant pay the taxable costs to date to the corespondent and the sum previously awarded to plaintiff as counsel fees.

MOTION by defendant in separation action for leave to withdraw a counterclaim for divorce.

*Chambers & Finn* [*Walter A. Chambers* of counsel], for the plaintiff.

*Williams, Imrie & Boyce* [*Paul L. Boyce* of counsel], for the defendant.

GOLDSMITH, J. The plaintiff instituted this action to secure a separation from the defendant. The defendant interposed a counterclaim demanding an absolute divorce from the plaintiff. The defendant now asks leave to withdraw his counterclaim and to proceed to trial in the separation action.

The withdrawal of the counterclaim would be equivalent to the discontinuance of the action for divorce. As a general rule a party who commences an action may terminate the litigation. Applications for leave to discontinue are " addressed to the legal discretion of the court and should not be arbitrarily denied. (*Matter of Butler,* 101 N. Y. 307; *Rosen* v. *981 Union Ave. Corporation,* 112 Misc. Rep. 492.) They may, however, be refused whenever circumstances exist which afford a basis for the exercise of a legal discretion (*Winans* v. *Winans,* 124 N. Y. 140), such, for instance, as the intervention of substantial rights of the other party. (*Carleton* v. *Darcy,* 75 N. Y. 375, 376; *Davidson* v. *Ream,* 98 Misc. Rep. 72.) " (*Matter of Jahn,* 121 Misc. 702.)

Plaintiff claims the right to compel the defendant to pursue the divorce action to the end that she may vindicate her character through a judgment of the court. It has been said: " A complaint withdrawn may not be the vindication that a decision favorable to the accused would be. But complaints are withdrawn after applications have been made to the courts and suits have been dropped before verdicts." (*Campbell* v. *New York Evening Post,* 245 N. Y. 320.) In *Moore* v. *Moore* (138 N. Y. 679) the court wrote: " In fact, the granting of the order of discontinuance might be regarded as a concession on the part of the plaintiff that he was unable to prove his case." Plaintiff overlooks the fact, however, that the defendant makes this application to abandon the divorce action upon the ground that he will be unable to prove the acts of infidelity charged against her. It is not conceivable that plaintiff's position would be enhanced by a judgment in her favor after a trial of the issue of adultery, considering the unpleasant publicity she would be likely to receive therefrom. It is even probable that the defendant would refuse to offer any proof in support of his cause of action and submit to a dismissal of the counterclaim. For these reasons I should hesitate to deny defendant's application as no useful purpose would be accomplished thereby. Furthermore, the public interest in any consummated marriage dictates the duty of the court to discourage domestic controversies. To

prolong this phase of the litigation could only tend to aggravate and widen the existing breach between the parties, destined to be revealed upon the trial of the separation action. (See, also, opinion of lower court in *Moore* v. *Moore, supra*, 22 N. Y. Supp. 451.)

The corespondent appeared and answered in this action and he had not been cited upon this motion. Since he is a party to this action to the extent of defending his reputation against the implication of adulterous conduct with the plaintiff, the court must protect his rights. (*Tellegen* v. *Tellegen*, 205 App. Div. 241.) Like the plaintiff the corespondent is relieved of the imputations upon his character by the defendant's statement that he is unable to prove the charges of adultery and a decision in plaintiff's favor could do no more for him or give him any greater exoneration. In the case of *Stubbert* v. *Stubbert* (66 Misc. 560), where leave to discontinue was denied without substantial compensation, the accusing party refused to exonerate the corespondent from guilt. Here the situation is different and that case has no application.

There is no necessity for apprising the corespondent of this motion. Applications to discontinue actions are frequently made and granted *ex parte*. (*Angier* v. *Hager*, 45 App. Div. 32.) The corespondent cannot complain unless the order of discontinuance affects some substantial right that has accrued to him and injustice will result. His only protest could be in respect to his desire to defend his character and to recover the expense attached to his participation in this action. The former I have already disposed of and as to the latter I believe he is entitled to taxable costs to date. (*Manufacturers' Liability Ins. Co.* v. *Baltimore Dry Docks & Ship Building Co.*, 210 App. Div. 853.)

There is no intention of condoning the defendant's action in lodging defamatory charges against the plaintiff and the corespondent without being reasonably confident that he could sustain them on the trial of the action. He offers as an excuse that his evidence is largely circumstantial and that he drew inferences therefrom that are not likely to be assumed by a court or jury as he has since been advised by counsel. The plaintiff, by reason of the counterclaim, has been required to prepare her defense thereto and has undoubtedly incurred considerable expense. Heretofore, upon application of the plaintiff, the sum of $250 was awarded to her as counsel fees but no part thereof has been paid by the defendant. She is entitled to have this award stand, not only for expenses incurred but for the prosecution of the separation action. It is a reasonable counsel fee under the circumstances and its payment is imposed as a condition in permitting the discontinuance of the counterclaim.

Motion for leave to withdraw counterclaim is granted upon payment by defendant (1) of taxable costs to date to the corespondent and (2) of the sum of $250 previously awarded to the plaintiff for counsel fees.