—————— REIZEN, Plaintiff, *v.* LARKIN LUMBER COMPANY, Defendant.

City Court of New York March 8, 1928.

————— —————, for the plaintiff.

————— —————, for the defendant.

EVANS, J. This is an action by a vendee to recover a deposit on a contract for the purchase of real property. The closing date fell on October 12, 1926. That was a holiday, and there was an adjournment in writing to November thirtieth of that year. The stipulation adjourning the closing date, when signed by the vendee's attorney, contained the clause, " and it is further agreed that time shall be of the essence." When the stipulation came to the vendor's attorney to sign, he struck out that clause and signed it. The closing date and time came, and the vendor let his property remain with mortgage and tax liens, which he could have removed within a few

days, and perhaps with some effort in a day. But at the time appointed the vendor was not quite ready to pass a good title and requested a reasonable adjournment to clear the title. The vendee came to the place of closing at the appointed time, made demand for strict performance on the part of the vendor, and in addition to that he testified that he made tender in cash of the purchase price. The vendor not being ready to give title, the purchaser says that he elected to rescind the contract then and there. The tender is denied, and I find it hard to believe that plaintiff made a tender in cash when the writings in evidence show that an arrangement was made in advance to have the balance of the purchase price paid by several certified checks. One does not ordinarily travel about with a large sum in cash when he has arranged for payment by certified check. I do not believe plaintiff made a tender, and I think he came to the closing with the prearranged idea of backing out of the deal and in the hope and expectation of finding some legal grounds for it.

Defendant says it was entitled to a reasonable time to clear the incumbrances, since time was not of the essence. The phrase is often loosely used. The inquiry as to whether time is or is not of the essence is often made in equity. But in the law of contracts and in actions at law thereon, where the day and hour of performance are fixed, the time set therefor is the only time, and none other, and the question whether that time is of the essence or not should not and cannot be inquired into. The fact that the vendee's attorney inserted the clause adverted to in the stipulation of adjournment, and the vendor's attorney struck it out before he signed it, does not alter the situation. It is often said that time is always of the essence in an action on a contract at law. What is meant by that is that law courts refuse to inquire into the matter at all. So that when the vendee's attorney inserted that clause into the stipulation, he was adding to it a clause which would have affected the power of a court of equity to inquire as to whether time was or was not of the essence; but that meant nothing so far as the power of the court is concerned at bar. I have been unable to find any case that stands unreversed by an appellate court that squarely sanctions an inquiry by a law court in an action of this sort as to whether time is or is not of the essence. The date of performance fixed by the contract cannot be altered by a court without some equitable ground for interference with the contract. There is no equitable defense involved here. There is no claim that an adjournment was agreed upon or either party led to believe by the other that an adjournment would be acquiesced in or entertained. There is no affirmative agreement by the parties that "time was not to be of the essence," which might have meant in an action of this sort that a

reasonable time for performance beyond that stipulated in the contract might have been fixed by the court on the trial of this cause. There is no question of waiver of the set time involved. I cannot, therefore, understand upon what principle I could in effect enlarge the time of defendant to perform. (*Kaufman* v. *Brennan*, 123 App. Div. 516.) My inability to believe the plaintiff on the question of tender leaves the parties in the situation that the vendor could not perform and the vendee would not perform.

Under the circumstances it is true, as defendant contends, that the plaintiff could not have recovered damages for breach of contract. Damages for breach of contract may include items in addition to the sum deposited by the vendee on the contract, and recovery on such a theory cannot be had unless plaintiff proves that he duly tendered performance on his part, or, in lieu thereof, an excuse therefor. (*Higgins* v. *Eagleton*, 155 N. Y. 466, 474; *Ziehen* v. *Smith*, 148 id. 558.)

But I think under the circumstances the vendee may have his deposit back. The fact that the vendee did not wish to perform the contract is beside the point. Since the vendor was in no position to perform and the vendee was present at the time and place of performance and demanded strict performance by the vendor, the vendee could rescind. I think that is the law. (*Roberts* v. *New York Life Ins. Co.*, 195 App. Div. 97, affd., 233 N. Y. 639.) Defendant contends that even where the action is not for damages for breach of contract, but only to recover the deposit after a rescission of the contract, plaintiff must prove a tender or excuse therefor before he can recover in spite of defendant's inability to perform. *Ziehen* v. *Smith* (148 N. Y. 558) is said to be authority for that proposition. If one reads that case without keeping in mind that the action there was for damages for breach of contract, and not merely to recover a deposit, he might well come to that conclusion. But bearing in mind that the recovery there was not only of a deposit but also for certain expenses in title examination, it becomes clear that the recovery there was for damages as distinguished from the form of action and amount of recovery on rescission. What the court, therefore, said in that case related solely to the law applicable to actions for damages for breach of contract. While both forms of action for damages and on rescission must be founded on a breach of contract, still a tender would be necessary only where one seeks to recover damages for the breach, and not where one seeks to be restored to the *status quo* by the act of rescission. The breach of contract by defendant at bar is its failure to be ready to deliver a clear title on November 30, 1926.

Judgment for plaintiff for $3,000, with interest and costs.