CLEARING REALTY CORPORATION, Plaintiff, *v.* JOSEPH J. POLLACI and Others, Defendants.

City Court of New York, Bronx County, February 25, 1929.

*Abraham N. Geller* [*Herman W. Bernstein* of counsel], for the plaintiff.

*Thomas V. Tozzi,* for the defendants Pollaci and Caleca.

*Herman W. Bernstein,* for the defendant Artisan Realty Co., Inc.

DONNELLY, J.   On the 11th day of April, 1927, the above-named defendants Joseph J. Pollaci and his wife, Mary Pollaci, and Michael A. Caleca and his wife, Sadie Caleca, the owners of certain real property, entered into a written contract with the defendant Artisan Realty Co., Inc., wherein and whereby the former agreed to sell and the latter agreed to purchase the premises in question, at the time and place therein provided, and upon the following terms: $2,000 on the signing of the contract; $60,000 by taking the property subject to a mortgage in that sum; $46,000 by the purchaser or its assigns executing a purchase-money mortgage and bond in said amount, and the balance, $15,000, in cash or certified check.   Upon the execution by the parties of the contract, and agreeably to its terms, there was paid to the sellers by the Artisan Realty Co., Inc., $2,000 on account of the purchase price.   The contract also provided that the sellers were to convey to the pur-

chaser or its assigns the fee simple of said premises, free of all incumbrances, except as therein stated, and that the deed was to be delivered by the sellers to the purchaser at the office of Fink & Shore, 50 Church street, New York city, on May 4, 1927, at three o'clock in the afternoon of that day.

By written stipulation, the closing was adjourned to May 18, 1927, at the same place, but there is a dispute between the parties as to the time fixed for the closing on that day. The purchaser claims the stipulation of adjournment was for the same time, three P. M., as originally agreed. The sellers insist it was mutually understood and agreed to defer the time for closing to four P. M. on that day. The purchaser was present at three P. M. at the place named for the closing and waited there for nearly an hour with a certified check for $15,000. The sellers failed to appear. It seems to me that this disagreement as to the time is immaterial. It was not necessary for the purchaser to show that on the day of the closing he was ready, able and willing to complete the contract. (*Greene* v. *Barrett, Nephews & Co.*, 238 N. Y. 207, 211.) The sellers could not or did not at any time care to give title, unless, perhaps, the purchaser agreed either to postpone the time for closing until the sellers procured a satisfaction of the mortgage for $23,000 upon the premises, or the purchaser signified its willingness to credit the amount of the mortgage upon the purchase price. The sellers contend that as the contract did not specifically provide that time was of the essence thereof, they were entitled to a reasonable adjournment of the closing to give them an opportunity to clear off the mortgage. Where, as in the instant case, the action is at law to recover the deposit paid by the purchaser on the signing of the contract, and no equitable relief is asked by the plaintiff and no equitable defense is set up by the answer, the court is without power to extend the time of performance. (*Zorn* v. *McParland*, 11 Misc. 555; affd., 155 N. Y. 684; *Kaufman* v. *Brennan*, 123 App. Div. 516; *Groden* v. *Jacobson*, 129 id. 508; *Friedman* v. *Fishbein*, 215 id. 174; *Reizen* v. *Larkin Lumber Co.*, 133 Misc. 755, opinion by Evans, J.) The purchaser was entitled to strict performance, at least to the extent that the sellers convey to it in fee simple, free and clear of the mortgage for $23,000. (*Zorn* v. *McParland, supra; Berger* v. *Crist*, 121 App. Div. 483; *Webster* v. *Kings County Trust Co.*, 145 N. Y. 275, 281; *Roberts* v. *N. Y. Life Ins. Co.*, 195 App. Div. 97; affd., 233 N. Y. 639.) There is likewise a conflict between the parties as to whether or not there was a legal tender of the $15,000 by the purchaser to the sellers at the time and place set for the closing. Where, as here, the purchaser seeks to be restored to the situation in which he was

before entering into the contract and he makes no claim for damages for the breach thereof, tender is not necessary. (*Reizen* v. *Larkin Lumber Co., supra; Greene* v. *Barrett, Nephews & Co., supra.*)

On the trial the defendants Pollaci and Caleca withdrew their counterclaim for $5,350 against the defendant Artisan Realty Co., Inc., which was brought in as a party defendant pursuant to section 271 of the Civil Practice Act. Objection was made by plaintiff to this withdrawal, except upon payment of costs, upon the ground that, in bringing in the Artisan Realty Co., Inc., as a party defendant, there is a cause of action by said defendants against the Artisan Realty Co., Inc., in excess of this court's jurisdiction. The service upon the defendant Artisan Realty Co., Inc., of a copy of the answer of the defendants Pollaci and Caleca, pursuant to section 271 of the Civil Practice Act, is the equivalent of the service of a summons upon a defendant brought into court in the usual or ordinary manner. (*Globe Indemnity Co.* v. *MacDougal,* 133 Misc. 263, 265.) The defendants Pollaci and Caleca have, therefore, put themselves in the position of plaintiffs who in their complaint demand judgment against the defendant for a sum beyond this court's power to give. (Const. art. VI, § 15.) The withdrawal of the counterclaim was the equivalent of a discontinuance. (*Blevins* v. *Blevins,* 131 Misc. 315, 316.) But, where the lack of jurisdiction appears on the face of the summons or complaint, costs will not be allowed. (*Harriott* v. *New Jersey R. R. & Transp. Co.,* 1 Daly, 377; *Humiston* v. *Ballard,* 40 How. Pr. 40.) Permission to withdraw the counterclaim, without costs, is, therefore, granted.

Judgment for plaintiff for $2,000, with interest and costs. Submit findings, etc., accordingly.